## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ADVANCED MICRO DEVICES, INC. and
ATI TECHNOLOGIES ULC,

    Plaintiffs,

      v.

MEDIATEK INC. and
MEDIATEK USA INC.,

    Defendants.

C.A. No.:

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Advanced Micro Devices, Inc. and ATI Technologies ULC ("ATI Technologies") (collectively "Plaintiffs"), bring this action for patent infringement under 35 U.S.C. §271 against MediaTek Inc. and MediaTek USA Inc. (collectively "MediaTek" or "Defendants"), and allege as follows:

## THE PARTIES

1.  Plaintiff Advanced Micro Devices, Inc. is a corporation organized and existing under the law of the State of Delaware, and maintains its principal place of business at 2485 Augustine Dr., Santa Clara, CA 95054.

2.  ATI Technologies is incorporated in Canada and has a principal place of business at 1 Commerce Valley Drive East, Markham, Ontario L3T 7X6, Canada. ATI Technologies is a wholly-owned indirect subsidiary of Advanced Micro Devices, Inc.

3.  MediaTek Inc. is a Taiwanese company incorporated under the laws of Taiwan with its principal place of business located at No. 1, Dusing Road 1, Hsinchu Science Park, Hsinchu City 30078, Taiwan. MediaTek Inc. manufactures, imports into the United States, sells

and/or offers for sale in the United States graphics systems such as graphics capable integrated circuits that are incorporated into various consumer products. In addition, MediaTek Inc.'s graphics systems are marketed, offered for sale, and/or sold throughout the United States, including within this District.

4.      MediaTek USA Inc. is a domestic corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 2840 Junction Avenue, San Jose, California, 95134. MediaTek USA Inc. is a wholly-owned subsidiary of MediaTek Inc. MediaTek USA Inc. manufactures, imports into the United States, sells and/or offers for sale in the United States graphics systems such as graphics capable integrated circuits that are incorporated into various consumer products such as televisions. In addition, MediaTek USA Inc.'s graphics systems are marketed, offered for sale, and/or sold throughout the United States, including within this District.

**THE PATENTS**

5.      United States Patent No. 7,633,506 ("the '506 Patent") is entitled "Parallel pipeline graphics system" and issued on December 15, 2009 to inventors Mark M. Leather and Eric Demers. The '506 Patent issued from United States Patent Application No. 10/724,384, filed on November 26, 2003. The '506 Patent claims priority to U.S. provisional application serial number 60/429,976, filed on November 27, 2002. A copy of the '506 Patent is attached hereto as Exhibit A.

6.      United States Patent No. 7,796,133 ("the '133 Patent") is entitled "Unified shader," and issued on September 14, 2010 to inventors Mark M. Leather and Eric Demers. The '133 Patent issued from United States Patent Application No. 10/730,965, filed on December 8, 2003. The '133 Patent is a continuation of U.S. application Ser. No. 10/716,946, filed Nov. 18,

2003, now abandoned, which claims priority to U.S. provisional application serial no. 60/427,338, filed November 18, 2002. A copy of the '133 Patent is attached as Exhibit B.

7.      ATI Technologies is the original assignee and owns all rights, title, and interest to the '506 and '133 Patents (collectively, the "Asserted Patents").

8.      The '506 and '133 Patents are each valid and enforceable.

## RELATED ACTIONS

9.      Plaintiffs brought an action against Defendants before the U.S. International Trade Commission, *In the Matter of Certain Graphics Systems, Components Thereof, and Consumer Products Containing the Same*, Inv. No. 337-TA-1044 (the "ITC Investigation"). In the ITC Investigation, the Commission determined that Defendants have violated Section 337 of the Tariff Act of 1930 by infringing the '506 Patent, and issued a limited exclusion order ("Remedial Order") against Defendants. Specifically, the Commission determined that the '506 Patent is valid and infringed by certain of Defendants' accused products. Additionally, the Commission determined that the '133 Patent is valid. However, based on the administrative record that was available the ITC Investigation, the Commission determined that Plaintiffs did not meet their burden of proof with respect to infringement of the '133 Patent.

10.     The Patent Trial and Appeal Board ("PTAB") has instituted *Inter Partes* Reviews ("IPR") proceedings to review, but issued no final written decisions with respect to, the '506 Patent: IPR2018-00101, IPR2018-00102; IPR2018-01148, IPR2018-01148. There are no pending IPR petitions before the PTAB concerning the '133 Patent.

## JURISDICTION AND VENUE

11.     This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

12.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

13.     Venue in this District is proper under 28 U.S.C. §1391(c)(3) and 28 U.S.C. §1400(b). Defendant MediaTek Inc. is not resident in the United States and may be sued in any judicial district, including this Judicial District. Defendant MediaTek USA Inc. resides in this Judicial District. Both Defendants have committed acts of infringement in this Judicial District.

14.     This Court has personal jurisdiction over Defendants. Defendant MediaTek USA Inc. resides in the State of Delaware. Defendants have conducted and do conduct business within the State of Delaware. Defendants, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), ship, distribute, offer for sale, sell, and advertise (including the provision of an interactive web page) their products and/or services in the United States and the District of Delaware and/or contribute to and actively induce their customers to ship, distribute, offer for sale, sell, and advertise (including the provision of an interactive web page) infringing products and/or services in the United States and the District of Delaware. Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have purposefully and voluntarily placed one or more of their infringing products and/or services, as described below, into the stream of commerce with the expectation that those products will be purchased and used by customers and/or consumers in the District of Delaware. These infringing products and/or services have been and continue to be sold, offered for sale, purchased, and used by customers and/or consumers in the District of Delaware. Defendants have committed acts of patent infringement within the District of Delaware.

## **BACKGROUND**

15.     Plaintiffs incorporate the allegations of all of the foregoing Paragraphs as if fully restated herein.

16.     Advanced Micro Devices, Inc. is an American multinational semiconductor company and pioneer of cutting-edge computer graphics technology. Since at least as early as

1985, ATI Technologies has made substantial investments to research, develop, and have manufactured high quality graphics systems. The Asserted Patents stem from the research and design of innovative proprietary technology developed by ATI Technologies. Advanced Micro Devices, Inc. acquired ATI Technologies in 2006, and has continued to make substantial investments to research, develop, and have manufactured high quality graphics systems that practice the Asserted Patents. Advanced Micro Devices, Inc. has invested substantial resources collectively researching, developing, testing, launching, supporting, and maintaining groundbreaking graphics technology that practices the Asserted Patents.

17.     The Asserted Patents cover inventions relating to important aspects of Advanced Micro Devices, Inc.'s graphics processing units ("GPUs") and accelerated processing units ("APUs").

18.     Defendants made, used, sold, offered for sale, imported, tested, designed, and/or marketed in the United States graphics capable integrated circuits and other similar devices that infringe the Asserted Patents.

19.     Defendants have been placed on actual notice of one or more of the Asserted Patents. Defendants received actual notice of the Asserted Patents at least as early as January 2017 by way of the ITC Investigation. Additionally, the filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, Defendants continue to make, use, test, sell, offer for sale, market, offer for sale, and/or import into the United States, products that infringe the Asserted Patents.

20.     After receiving such actual notice of the '506 Patent, MediaTek proceeded to make, use, test, sell, and offer to sell in this Judicial District and elsewhere in the United States, and import into this Judicial District and elsewhere in the United States, graphics capable

integrated circuits and other similar devices that infringe the Asserted Patents. Additionally, after receiving actual notice of the Asserted Patents, MediaTek proceeded to actively induce, and materially contribute to, its customers' infringement of the Asserted Patents by selling graphics capable integrated circuits and other similar devices that infringe the Asserted Patents to its customers for use in end-user products in a manner that infringes one or more claims of the Asserted Patents.

21.     Defendants have, and continue to, directly infringe the Asserted Patents by engaging in infringement under 35 U.S.C. § 271(a), including but not necessarily limited to one or more of making, using, selling and/or offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States, certain infringing graphics systems including, but not limited to, graphics capable integrated circuits which incorporate the functionalities and compositions described in detail in Counts I-IV (collectively, "MediaTek Accused Products").

22.     Defendants have, and continue to, indirectly infringe the Asserted Patents under 35 U.S.C. § 271(b) by actively inducing their customers to infringe the Asserted Patents by selling MediaTek Accused Products to their customers for use in end-user products in a manner that infringes the Asserted Patents by incorporating the functionalities and compositions described in detail in Counts I-IV.

23.     Defendants have, and continue to, indirectly infringe the Asserted Patents under 35 U.S.C. § 271(c) by materially contributing to their own customers' infringement of the Asserted Patents by selling MediaTek Accused Products to their customers for use in end-user products in a manner that infringes the Asserted Patents by incorporating the functionalities and compositions described in detail in Counts I-IV.

24.    The infringing MediaTek Accused Products include, but are not limited to:

a.    All MediaTek integrated circuits and devices that contain an ARM Utgard series GPU design including, but not limited to, the MediaTek MT6570 integrated circuit ("MediaTek Exemplary Utgard Product");

b.    All MediaTek integrated circuits and devices that contain an ARM Midgard series GPU design including, but not limited to, the MediaTek Helio P10 and Mediatek Helio P30 integrated circuits ("MediaTek Midgard+ Products");

c.    All MediaTek integrated circuits and devices that contain an ARM Bifrost series GPU design including, but not limited to, the MediaTek Helio P60 integrated circuit ("MediaTek Exemplary Bitfrost Product");

d.    All MediaTek integrated circuits and devices that contain an Imagination Series 5, Series 6, Series, 7, Series 8, or Series 9 GPU design including, but not limited to, the Mediatek MT8389 integrated circuit ("MediaTek Exemplary Series5+ Product"); and

(collectively, "Exemplary MediaTek Products").

25.    Defendants' acts of infringement have caused damage to Plaintiffs. Plaintiffs are entitled to recover from Defendants the damages sustained by Plaintiffs as a result of Defendants' wrongful acts.

## COUNT I
### (Defendants' Infringement of the '506 Patent)

26.    Plaintiffs incorporate the allegations of all of the foregoing Paragraphs as if fully restated herein.

27.    Defendants have directly infringed and continue to directly infringe the '506 Patent by making, using, selling, offering for sale, or importing into the United States products

and/or methods covered by one or more claims of the '506 Patent including, but not limited to, graphics systems such as graphics capable integrated circuits. The accused graphics systems such as graphics capable integrated circuits that infringe one or more claims of the '506 Patent include, but are not limited to, at least the MediaTek Accused Products. Further discovery may reveal additional infringing products and/or models.

28.     Defendants have, and continue to, indirectly infringe the '506 Patent by actively inducing their customers to infringe the '506 Patent by selling MediaTek Accused Products to their customers for use in end-user products in a manner that infringes one or more claims of the '506 Patent.

29.     Defendants have, and continue to, indirectly infringe the '506 Patent by materially contributing to their own customers' infringement of the '506 Patent by selling MediaTek Accused Products to their customers for use in end-user products in a manner that infringes one or more claims of the '506 Patent.

30.     For example, and without limitation, the Exemplary MediaTek Products infringe claims 1-21 of the '506 Patent.

31.     Attached hereto as <u>Exhibits C-E, and incorporated into this Complaint,</u> are claim charts showing where in the MediaTek Exemplary Products each limitation of Claim 1 is met:

      a.   <u>Exhibit C</u> shows where in the MediaTek Exemplary Utgard Product each limitation of Claim 1 is met;

      b.   <u>Exhibit D</u> shows where in the MediaTek Exemplary Midgard+ Products each limitation of Claim 1 is met;

      c.   <u>Exhibit E</u> shows where in the MediaTek Exemplary Series 5+ Products each limitation of Claim 1 is met; and

32.     Defendants have had knowledge of the '506 Patent since at least as of the filing of the complaint in the ITC Investigation.

33.     Defendants' continued infringement of the '506 Patent has damaged and will continue to damage Plaintiffs.

34.     Plaintiffs are entitled to recover damages adequate to compensate for Defendants' infringement.

35.     ATI Technologies is the assignee and lawful owner of all right, title and interest in and to the '506 Patent. The '506 Patent is valid and enforceable.

**COUNT II**
**(Defendants' Willful Infringement of the '506 Patent)**

36.     Plaintiffs incorporate the allegations of all of the foregoing Paragraphs as if fully restated herein.

37.     Defendants have willfully infringed and/or do willfully infringe the '506 Patent.

38.     Defendants received actual notice of the '506 Patent at least as early as January 2017 by way of the ITC Investigation. After receiving such actual notice of the '506 Patent, MediaTek proceeded to make, use, test, sell, and offer to sell in this Judicial District and elsewhere in the United States, and import into this Judicial District and elsewhere in the United States, the MediaTek Accused Products including the Exemplary MediaTek Products.

39.     On information and belief, MediaTek engaged in such activities despite an objectively high likelihood that its actions constituted infringement of valid patents, including the '506 Patent. MediaTek knew and should have known that its actions would cause direct and indirect infringement of the '506 Patent.

## <u>COUNT III</u>
### (Defendants' Infringement of the '133 Patent)

40.     Plaintiffs incorporate the allegations of all of the foregoing Paragraphs as if fully restated herein.

41.     Defendants have directly and indirectly infringed and continue to directly and indirectly infringe the '133 Patent by making, using, selling, offering for sale, or importing into the United States products and/or methods covered by one or more claims of the '133 Patent including, but not limited to, graphics systems such as graphics capable integrated circuits. The accused graphics systems such as graphics capable integrated circuits that infringe one or more claims of the '506 Patent include, but are not limited to, at least the MediaTek Accused Products. Further discovery may reveal additional infringing products and/or models.

42.     Defendants have, and continue to, indirectly infringe the '133 Patent by actively inducing their customers to infringe the '133 Patent by selling MediaTek Accused Products to their customers for use in end-user products in a manner that infringes one or more claims of the '133 Patent.

43.     Defendants have, and continue to, indirectly infringe the '133 Patent by materially contributing to their own customers' infringement of the '133 Patent by selling MediaTek Accused Products to their customers for use in end-user products in a manner that infringes one or more claims of the '133 Patent.

44.     For example, and without limitation, the Exemplary MediaTek Products infringe one or more claims of the '133 Patent, including but not limited to Claims 1, 3, 8, 14-15, 20-25, 27-31, 33-40.

45. Attached hereto as <u>Exhibit F-H, and incorporated into this Complaint</u>, are claim charts showing where in the MediaTek Exemplary Products each limitation of Claim 1 and Claim 40 are met:

      a. <u>Exhibit F</u> shows where in the MediaTek Exemplary Utgard Product each limitation of Claim 1 and Claim 40 are met;

      b. <u>Exhibit G</u> shows where in the MediaTek Exemplary Midgard+ Product each limitation of Claim 1 and Claim 40 are met;

      c. <u>Exhibit H</u> shows where in the MediaTek Exemplary Series 5+ Products each limitation of Claim 1 and Claim 40 are met; and

46. Defendants have had knowledge of the '133 Patent since at least as of the filing of the complaint in the ITC Investigation.

47. Defendants' continued infringement of the '133 Patent has damaged and will continue to damage Plaintiffs.

48. Plaintiffs are entitled to recover damages adequate to compensate for Defendants' infringement.

49. ATI Technologies is the assignee and lawful owner of all right, title and interest in and to the '133 Patent. The '133 Patent is valid and enforceable.

## <u>COUNT IV</u>
### (Defendants' Willful Infringement of the '133 Patent)

50. Plaintiffs incorporate the allegations of all of the foregoing Paragraphs as if fully restated herein.

51. Defendants have willfully infringed and/or do willfully infringe the '133 Patent.

52. Defendants received actual notice of the '133 Patent at least as early as January 2017 by way of the ITC Investigation. After receiving such actual notice of the '133 Patent,

MediaTek proceeded to make, use, test, sell, and offer to sell in this Judicial District and elsewhere in the United States, and import into this Judicial District and elsewhere in the United States, the MediaTek Accused Products including the Exemplary MediaTek Products.

53.     On information and belief, MediaTek engaged in such activities despite an objectively high likelihood that its actions constituted infringement of valid patents, including the '133 Patent. MediaTek knew and should have known that its actions would cause direct and indirect infringement of the '133 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

a)      A judgment that the '506 Patent and the '133 Patent are valid and enforceable.

b)      A judgment that Defendants have infringed, directly or indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '506 Patent;

c)      A judgment that Defendants' infringement of the '506 Patent was willful, and that Defendants' continued infringement of the '506 Patent is willful;

d)      A judgment that Defendants have infringed, directly or indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '133 Patent;

e)      A judgment that Defendants' infringement of the '133 Patent was willful, and that Defendants' continued infringement of the '133 Patent is willful;

f)      An injunction against Defendants, their officers, agents, servants, employees, and all parent and subsidiary entities, all assignees and successors in interest, and those persons or entities acting in concert or participation with Defendants, including distributors, enjoining them from further infringement of the '506 and '133 Patents;

g)   A judgment that awards Plaintiffs all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement, and any continuing or future infringement of the Asserted Patents, including pre or post judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiffs for Defendants' infringement, an accounting:

i.   that Plaintiffs be awarded enhanced damages by reason of the Defendants' willful infringement of the '506 Patent;

ii.   that Plaintiffs be awarded enhanced damages by reason of the Defendants' willful infringement of the '133 Patent;

iii.   that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiffs be awarded its reasonable attorneys' fees against Defendants incurred in prosecuting this action; and

iv.   that Plaintiffs be awarded costs and expenses incurred in prosecuting this action; and

h)   A judgment that Plaintiffs be awarded such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Under Fed. R. Civ. P. 38, Plaintiffs hereby demand trial by jury on all claims and issues so triable.

OF COUNSEL:

Michael T. Renaud
James M. Wodarski
Michael J. McNamara
William Meunier
Adam S. Rizk
Marguerite McConihe
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
617-542-6000


Dated: January 10, 2019

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Travis S. Hunter (#5350)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700


*Attorneys for Plaintiffs*
*Advanced Micro Devices, Inc. and*
*ATI Technologies ULC*