**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| LES INDUSTRIES DE MOULAGE POLYMAX, INC. and NUDURA CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> STRONGHOLD INSULATION SYSTEMS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. _____ |

## COMPLAINT

Plaintiffs Les Industries De Moulage Polymax, Inc., a Quebec, Canada corporation, and Nudura Corporation, an Ontario, Canada corporation, (collectively, unless otherwise so stated, referred to as "Plaintiffs") by their attorneys, for their Complaint against Defendant, state and allege as follows:

## INTRODUCTION

1. This is an action for willful patent infringement against Defendant Stronghold Insulation Systems, Inc. ("Stronghold" or "Defendant") founded, upon information and belief, by Cooper Stewart ("Stewart"), a serial infringer of Plaintiffs' intellectual property.

2. Plaintiffs are the owner and exclusive licensee of United States Patent No. 6,792,729 B2 (hereinafter "the '729 patent") directed to innovative foam paneling used in casting and insulating concrete walls. This patented technology improves upon and solves problems that were commonplace in insulated concrete forms ("ICF") previously available on the market.

3. Rather than taking the time to create its own unique and inventive ICF product, Defendant, through the unscrupulous behavior of Stewart, has elected instead to freeload, and

1

use Plaintiffs' patented technology to its benefit, without having to invest any of its resources into research, development, or training. This is not the first time a company run by Stewart has behaved in this manner.

## PARTIES

4. Plaintiff Les Industries De Moulage Polymax, Inc. is a corporation organized and existing under the laws of Quebec, Canada and has a principal place of business at 454 Edouard Street, Granby, Province of Quebec, Canada.

5. Plaintiff Nudura Corporation is a corporation organized and existing under the laws of Ontario, Canada and has a principal place of business in Ontario, Canada.

6. Upon information and belief, Defendant Stronghold Insulation Systems, Inc. is a Delaware corporation with a principal place of business at 45257 Highway 59, Pelican Rapids, MN 56572.

7. Upon information and belief, Defendant is commonly owned and controlled by, Stewart.

8. Upon information and belief, Stewart is the chief executive officer and sole shareholder of his latest shell corporation, Defendant.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et seq., including 35 U.S.C. §§ 271 and 282-85.

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) in that this is a civil action arising out of the patent laws of the United States of America.

11. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant (1) is incorporated under the laws of the State of Delaware; (2) intends to engage and,

upon information and belief, has engaged in the manufacture, distribution, offer for sale, and/or sale of a range of infringing products that are the subject of this action within the United States generally and in the State of Delaware and this District specifically.

12. Venue is proper in this Court under 28 U.S.C. § 1400(b) because, among other things, Defendant is incorporated in the State of Delaware and therefore "resides" in this judicial district.

## BACKGROUND

13. On September 21, 2004, the '729 patent entitled STACKABLE CONSTRUCTION PANEL SYSTEM was duly and legally issued to inventor Jean-Louis Béliveau. A true and correct copy of the '729 patent is attached as Exhibit A.

14. The '729 patent is owned by Les Industries De Moulage Polymax, Inc.

15. Nudura Corporation is the exclusive licensee of the '729 patent and the sole entity with authority to sell products falling within the claims of the '729 patent in the United States.

16. Plaintiffs are a leader in the ICF market and have, over the past 18 years, grown and developed the market for their patented ICF panels through devoting time and resources in developing, training and establishing a network of distributors throughout the United States. The innovative nature of Plaintiffs' ICFs and their leadership in the ICF market has been recognized through numerous industry awards and through the commercial success of their products. And Plaintiffs' positive reputation in the industry is further confirmed by Plaintiffs' role in developing building codes nationwide for enhancement of safety and good practices in using ICF panels.

17. Plaintiffs have diligently protected their rights in the '729 patent, including the assertion of patent infringement claims against Stewart as well as his prior shell company in Minnesota.

## STEWART'S PRIOR CONDUCT

18. Stewart was the CEO and sole member of Xtreme Insulation Technologies, LLC ("Xtreme").

19. In March of 2017, Plaintiffs filed suit against, *inter alia*, Stewart and Xtreme for infringement of the '729 patent, *Polyform A.G.P., Inc., et al. v. Xtreme Insulation Techs., LLC, et al.*, case no. 17-cv-00735-JRT-LIB (D. Minn.).

20. During that litigation, Stewart admitted that he and his prior shell company had gained market share within the ICF industry. In fact, within only one year of sales, Stewart claimed to have earned $2.5 million dollars in "accumulated market share" and "business reputation," less design, manufacture, and marketing costs. Such market share and business reputation was gained by, essentially, copying the patented features of the '729 patent, at the expense of Plaintiffs and/or their predecessors in interest.

21. The parties to that lawsuit ultimately settled, entering into a Stipulated Permanent Injunction, attached hereto as Exhibit B.

22. By the terms of this injunction, Xtreme and its agents (including Stewart), subsidiaries, successors, or affiliates agreed to and were permanently enjoined from making, using, selling, offering to sell, promoting, or marketing in any way the insulated concrete panels formerly known as the "Xtreme ICFs" (i.e., the accused product). (*See* Exhibit B at ¶¶ a-b (Order for Permanent Injunction and Dismissal with Prejudice).)

23. Xtreme was also permanently "enjoined from engaging in any further conduct that infringes U.S. Patent No. 6,792,729 during its term." (*Id.* at ¶ c.)

24. At the time the Stipulated Permanent Injunction was negotiated and entered, Stewart was in personal bankruptcy. Stewart was thus not included (in his individual capacity) in the permanent injunction.

25. At all times during this previous litigation, including during negotiation of the Stipulated Permanent Injunction, Stewart was the CEO of Xtreme and its agent.

26. As the CEO of Xtreme and its agent, Stewart understood the terms of the Stipulated Permanent Injunction, the purpose of the Stipulated Permanent Injunction, and that the patent laws prohibit infringing upon another's patent rights.

27. Stewart, however, was not deterred. Less than nine months after his prior company and its ***agents***, subsidiaries, successors, or affiliates were ***permanently*** enjoined from infringing the '729 patent, Stewart has now created a new shell —a company that is once again peddling knock-off ICF products that infringe the '729 patent.

28. Stewart negotiated and agreed to the Stipulated Permanent Injunction in bad faith, intending throughout to simply form another shell corporation, *i.e.*, Defendant, and (once again) appropriate the patented features. In fact, Defendant was ***already being formed*** by Stewart at the time that Xtreme and Stewart were negotiating the Stipulated Permanent Injunction with Plaintiffs. The Delaware Secretary of State's website indicates that Defendant was incorporated on May 29, 2018, and the Stipulated Permanent Injunction was executed and filed on June 21, 2018.

29. Stewart has, under cover of a new corporate entity, once again infringed upon the patented technology in another misguided attempt to peddle his knock-off products in the ICF market, in violation of Plaintiffs' patent rights.

## **COUNT I - INFRINGEMENT OF U.S. PATENT NO. 6,792,729**

30. Plaintiffs restate the allegations set forth in paragraphs 1-29 and incorporates them herein by reference.

31. The Defendant manufactures and sells stackable foam construction panels in a multitude of configurations.

32. The stackable foam construction panels are sold under the name "FX Series" insulated concrete forms ("Stronghold ICFs").

33. Defendant has advertised the Stronghold ICFs and offered them for sale in the United States on its website http://www.strongholdicf.com. (Exhibit C.)

34. Defendant has sold the Stronghold ICFs to contractors in the construction industry, including in Hawaii, Idaho, and Wisconsin (among other locations yet to be discovered), where Stronghold ICFs have been used in receiving a flowable material and forming a wall.

35. Defendant's website wrongly suggests that Defendant and its products are innovative, even including a statement that Defendant's products are patented: "'It's great to see the moisture control solutions that Stronghold has patented and brought to the market.'"

36. Defendant's Stronghold ICFs are far from innovative; they employ Plaintiffs' patented technology and are at best a minor modification of Stewart's previously enjoined product, the Xtreme ICFs.

37. The manufacture, use, sale, and offer for sale of the Stronghold ICFs, or importation of the Stronghold ICFs into the United States, directly infringes one or more claims of the '729 patent, including but not limited to claims 1-4, 6-7 under 35 U.S.C. §§ 271(a), (b), and/or (c), either literally or under the doctrine of equivalents.

38. The Stronghold ICFs are wall forms for receiving a flowable material comprising a pair of foam panels each having opposed top and bottom wall surfaces with a connector for tying said foam panels together. The connector comprises anchor members and head pieces.

39. Each of the top and bottom wall surfaces of each of the foam panels of the Stronghold ICFs are provided with alternating projections and recesses with the head pieces each being embedded into one of said projections or equivalents thereof.

 

(Exhibit C.)

40. Defendant's customers directly infringe the '729 patent by assembling and using the Stronghold ICFs at construction sites. Defendant knows that its customers use the Stronghold ICFs in a manner that infringes the '729 patent.

41. Defendant has induced, and continue to induce, infringement of the '729 patent by selling the Stronghold ICF products to their customers.

42. Defendant has instructed or assisted, and continues to instruct or assist, its customers to assemble the Stronghold ICFs in a manner that infringes the '729 patent. Indeed, Defendant's own website provides a testimonial touting that Defendant provided "expert advice and expertise in helping [the customer] with a complicated project." (Exhibit C.)

7

43. Defendant is and has been aware of the '729 patent for years.

44. Defendant knows that its sale of the Stronghold ICFs and instructions for or assistance in assembly of the same induces its customers to directly infringe the '729 patent.

45. Indeed, Stewart, now CEO of Defendant, had actual knowledge of the '729 patent as a named party to *Polyform A.G.P., Inc., et al. v. Xtreme Insulation Techs., LLC, et al.*, case no. 17-cv-00735-JRT-LIB (D. Minn.), and as CEO and an agent of Xtreme which is enjoined from infringing the '729 patent.

46. Defendant's knowledge of the '729 patent, combined with Defendant's instructions for or assistance in use of the Stronghold ICFs in a manner specified by the '729 patent, demonstrate that Defendant intends to induce its customers to infringe the '729 patent.

47. Upon information and belief, when assembling the Stronghold ICFs as directed by Defendant, Defendant's customers directly infringe the '729 patent by assembling the Stronghold ICFs in a manner that embodies the invention of the '729 patent.

48. Plaintiffs have complied with the notice provision of the patent statutes by marking its goods with the '729 patent number and giving written notice to Defendant of its infringement.

49. Plaintiffs have been damaged by the Defendant's infringement of the '729 patent in an amount to be proven at trial, and will continue to be irreparably damaged in the future unless the Defendant is permanently enjoined from infringing the '729 patent. As was the case with Stewart's previous company, Xtreme, Stewart's acts threaten to eviscerate Plaintiffs' legal rights in the patented technology.

50. Defendant's infringement of the '729 patent has been and continues to be willful. Defendant's CEO Stewart knew of the '729 patent; was a named party in a lawsuit alleging

infringement of the '729 patent; avoided being personally named in the Stipulated Permanent Injunction in that previous lawsuit by virtue of bankruptcy proceedings; and was the CEO and agent of Xtreme who is permanently enjoined from infringing the '729 patent.

51. By reason of the Defendant's willful infringement, Plaintiffs are entitled to recover actual damages, treble damages, attorneys' fees, and the costs of this litigation pursuant to 35 U.S.C. §§ 284 and 285 and injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment that:

A. United States Patent No. 6,792,729 is valid and has been infringed by the Defendant;

B. The Defendant and its officers, agents, servants and employees, and those persons in active concert or participation with any of them, be enjoined from further infringing United States Patent No. 6,792,729;

C. An accounting be had for the damages arising out of the Defendant's infringement of United States Patent No. 6,792,729, including treble damages for willful infringement as provided by 35 U.S.C. §§ 284 and 285, with interest;

D. Plaintiffs be awarded their attorneys' fees, costs, and expenses in this action; and

E. Plaintiffs be awarded such other and further relief as this Court may deem necessary and proper.

OF COUNSEL:

Christopher J. Sorenson
Paige S. Stradley
Karen L. Beckman
MERCHANT & GOULD P.C.
80 South Eighth Street, Suite 3200
Minneapolis, Minnesota 55402
(612) 332-5300
csorenson@merchantgould.com
pstradley@merchantgould.com
kbeckman@merchantgould.com

Dated: February 20, 2019

/s/ *Kelly E. Farnan*
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King St.
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Plaintiffs Les Industries De Moulage Polymax, Inc. and Nudura Corporation*