**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **VIRTUAL IMMERSION**<br>**TECHNOLOGIES  LLC,**<br><br>        **Plaintiff,**<br><br>    **v.**<br><br>**ATLAS ENTERTAINMENT LLC, dba**<br>**ATLAS ENTERTAINMENT,**<br><br>        **Defendant.** | **Civ. No. _____**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Virtual Immersion Technologies LLC ("VIT" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.      Plaintiff Virtual Immersion Technologies LLC is a limited liability company organized under the laws of the State of Texas.

3.      VIT is the current assignee of United States Patent No. 6,409,599 ("the '599 patent" or "the patent-in-suit").  On June 25, 2002, the United States Patent and Trademark Office duly and legally issued the '599 patent.  The '599 patent is titled "Interactive Virtual Reality Performance Theater Entertainment System."  The application leading to the '599 patent

was filed on July 19, 1999.  A true and correct copy of the '599 patent is attached hereto as Exhibit A.

4.       On or around February 24, 2016, VIT acquired 100% ownership of all right, title and interest in the patent-in-suit, including the right to bring patent enforcement actions for damages accruing prior to February 24, 2016.  The assignment to VIT of ownership of the patent-in-suit was recorded with the United States Patent & Trademark Office ("PTO") on or around August 26, 2016.

5.       Defendant Atlas Entertainment LLC ("Atlas") is a Delaware corporation, organized and existing under the laws of the State of Delaware, with its principal place of business at 9200 W. Sunset Boulevard, 10th Floor, Los Angeles, California 90069.

6.       Atlas, as a Delaware corporation, may be served with process via its registered agent, Paracorp Incorporated, 2140 S. DuPont Highway, Camden, Delaware, 19934.

## JURISDICTION AND VENUE

7.       This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Subject matter jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

8.       Venue is proper for Defendant Atlas within this District under 28 U.S.C. § 1400(b) because Atlas is a Delaware corporation and therefore resides in this District.

9.       This Court has personal jurisdiction over Atlas because it is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

10.       Upon information and belief, Defendant Atlas is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Del. Code. Ann. Tit. 3, § 3104,

- 2 -

because Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because the Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and this District.  Having purposefully availed itself of the privilege of conducting business within this District, Defendant should reasonably and fairly anticipate being brought into court here.

11.     Atlas has committed and continue to commit acts of infringement in the United States as alleged herein.

12.     Atlas provides and utilizes 3D live production systems in producing major motion pictures that utilize the simulcam technology originally developed by James Cameron for Avatar in 2008-9.  This technology substantially improves the production quality of scenes combining live actors and computer animations, animated characters controlled by motion-capture, and computer-generated environments.  (Source: http://www.animationxpress.com/index.php/latest-news/animatrik-delivers-motion-capture-service-to-bring-orcs-of-warcraft-to-life, last accessed on February 25, 2019.)  Atlas utilizes this technology to create an immersive virtual reality environment where participants and live performers can interact with each other and the environment via input and output devices for the performers and the participants.  (*See* VIT's Claim Chart for claims 1-2 and 8-9 of the '599 patent, Ex. B at 1-19.)

13.     As detailed in the paragraphs below, Atlas utilizes the virtual reality systems and practices methods, for participants and performers to interact in an immersive virtual reality environment, which meets all the features of the asserted claims.  (*Id.* at 1-19.)

14.     The Atlas systems include one or more performer input and output devices in electronic communication with the virtual environment and one or more participant input and output devices in electronic communication with the virtual environment.  (*Id.* at 1-7.)

15.     The Atlas systems provide the virtual environment, which includes a video image of one or more live performers with audio communication between the one or more live performers and one or more participants.  (*Id.* at 8-9.)

16.     In the Atlas systems, the one or more participants interact with the one or more live performers and the virtual environment resulting in an experience partially controlled by the one or more participants using an input device.  (*Id.* at 10.)

17.     Atlas has derived substantial revenues from its infringing acts occurring in the United States.

18.     Atlas is subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Delaware.

19.     As detailed in the paragraphs below, Atlas supports the creation, maintenance and utilization of an immersive virtual reality system, which permits live performers and participants to interact with each other and the environment.

20.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21.     Venue is proper in this district under 28 U.S.C. § 1400(b) with respect to Atlas because Atlas is incorporated in Delaware.

22.     For these reasons, personal jurisdiction exists and venue is proper in this Court under 28 U.S.C. § 1400(b).

## COUNT I

## PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,409,599

23.     Plaintiff incorporates the above paragraphs herein by reference.

24.     The '599 patent relates to a system in which participants interact with a computerized environment in addition to live and/or pre-recorded performers.  (*See* Ex. A at 1:20-23.)[1]  The '599 patent describes and enables immersive interactive virtual reality computer systems in which participants interact with a virtual reality environment and live performers using a variety of immersion and input devices."  (*Id.* at 1:23-26.)

25.     The claims of the '599 patent are directed to tangible embodiments.  Claim 1, for example, is a system claim, which clearly requires a computer operating software and several input/output devices in electronic communication with an immersive virtual reality environment.  (*Id.* at 16:6-22.)  Claim 2, for example, expressly recites a processing device and a network connecting the processing device with at least some of the input/output devices.  (*Id.* at 16:39-46.)

26.     The claims of the '599 patent are directed at providing a unique computing solution that addresses a problem particular to computerized virtual reality systems—providing an immersive interactive virtual reality system in which there exists three-way communication among and between participants, live performers and the virtual reality environment.  (*Id.* at 3:24-27.)

27.     Providing an immersive interactive virtual reality system with three-way communication in the manner claimed in the '599 patent solved new challenges over the

---

[1] Citations to patents in this Complaint refer to columns and lines within columns of any cited patent.  For example, the citation referenced by this footnote refers to column 1, at lines 20 through 23, in the '599 patent.

techniques and systems known in the art at the time.  Thus the claims of the '599 patent contain

inventive concepts, being both novel and unconventional, which are sufficient to render the '599

patent claims to be patent-eligible.

28.     Prior to the priority date of the '599 patent, in systems, such as traditional virtual

reality systems, figures or objects not controlled by participants moved autonomously or, if a

participant had an opportunity to interact with such objects in the virtual reality environment, the

objects were limited to computer generated images and not live performers.  (*Id.* at 1:57-67.)

29.     Groups of participants have been entertained by graphically enhanced performers

on stage or television.  However, these instances occurred through non-immersion mediums

without the enhancements of immersion-type devices or methods.  (*Id.* at 2:5-9.)

30.     Early entertainment systems, which allowed participants to interact with a host

and an environment using some input device, did not operate within an immersive virtual reality

environment and therefore lacked its immersive effects and their impact on participants.  (*Id*. at

2:40-47.)

31.     The '599 patent overcame these disadvantages by, for example, describing and

enabling a system and method for delivering information "which provides three-way immersive

interactive communication amongst and between" participants, an immersive environment and

live performers.  (*Id.* at 2:55-57.)

32.     The inventors of the claimed invention in the '599 patent changed the focus from

an interaction between individual participants and computer generated graphical objects within a

virtual reality environment to a three-way communication amongst and between participants, live

or pre-recorded performers, and an immersive virtual reality environment.  (*Id.* at 3:11-17.)

The inclusion of three-way communication results in a synergistic effect, which creates an unparalleled experience.  (*Id.* at 3:18-22.)

33.     Furthermore, the claimed invention of the '599 patent represents an intrinsic improvement to the underlying computer technology involved.  The claimed system includes a variety of audio and video components.  (*See, e.g.,* claim 1 of the '599 patent.)  The variety of audio and video components enable innovative mixing and switching techniques which allows the system to present to each of the participants a virtual reality environment in which a live representation of the performers is superimposed within the environment.  (*Id.* at 4:5-9.)  The participants are able to view and interact with a novel display of both graphical data and live representations for an exciting experience.  (*Id.* at 4:9-12.)

34.     The inventors of the '599 patent took considerable personal risks to nurture and prove out the technology systems described in the '599 patent, contributing substantially to today's virtual reality industry explosion.

35.     The inventors of the '599 patent have utilized the technology described by the '599 patent for more than ten years, shipping virtual reality systems to five continents and entertaining or educating an estimated 30 million people worldwide with their immersive virtual reality live theater attractions and promotions.

36.     The virtual reality theater technology created by the inventors has been recognized and awarded on an international scale, the products winning "Best New Product" and "Best of Show" at the International Association of Amusement Parks and Attractions global convention in Atlanta in November 2000, and again for 'Best of Show' in 2002 in Orlando, as well as national awards for graphics and creativity in the Print Media industry.  The products and

concepts have garnered dozens of feature articles in news media promoting clients and their products in a variety of industries.

37.     The inventors of the '599 patent continue to have a direct interest in activities related to the '599 patent, working closely with Plaintiff to identify and evaluate entities making use of the technology claimed by the '599 patent without permission or license thereto.

38.     The inventions of the '599 patent resolve technical problems related to virtualized interactive technology.  For example, the inventions allow parties to interact in a virtual environment in real time with one or more live performers and participants, which, on information and belief, is exclusively implemented using computer technology.

39.     The claims of the '599 patent do not merely recite the performance of some method known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '599 patent recite inventive concepts that are rooted in computerized virtual reality technology, and overcome problems specifically arising in the realm of computerized virtual reality technologies.

40.     The claims of the '599 patent recite an invention that is not merely the routine or conventional use of computerized communication technology.  Instead, the invention makes it possible to interact with one or more live performers and/or participants in a virtualized environment, which does not require the physical presence of either the one or more performers, or participants in order for such interactions to take place.  The '599 patent claims thus specify how communication input, output, and system devices are manipulated to yield a virtual, interactive experience controlled in part by one or more participants.

41.     The technology claimed in the '599 patent does not preempt all ways of using interactive communications technology, nor preempt the use of any well-known communications technology, nor preempt any other well-known or prior art technology.

42.     The '599 patent claims are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor are any of the claims "a building block of the modern economy."

43.     The '599 patent does not take a well-known or established business method or process and "apply it to a general purpose computer."  Instead, the specific systems and processes described in the '599 patent have no direct corollary to a process that predates the advent of the Internet.

44.     The '599 patent claims are directed toward a solution rooted in computer technology and uses technology, unique to computers and networks, to overcome a problem specifically arising in the realm of computerized virtual reality technologies.

45.     The '599 patent claims are not directed at a mere mathematical relationship or formula.

46.     The '599 patent claims cannot be performed by a human, in the human mind, or by pen and paper.

47.      Accordingly, each claim of the '599 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

48.     Upon information and belief, Atlas directly infringes and continues to directly infringe at least claims 1, 2, 8 and 9 of the '599 patent, in the United States, under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, importing and/or providing and/or causing to

be used interactive, real time, virtual reality systems (*See, e.g.,* Source:
http://www.animationxpress.com/index.php/latest-news/performance-capture-and-virtual-
production-house-animatriks-deal-with-nantstudio-leads-to-its-expansion-in-the-usa, last
accessed February 25. 2019), along with related systems and software for access and use of such
systems (the "Accused Instrumentalities") as in claims 1, 2, 8 and 9 of the '599 patent.  (*See*
VIT's Claim Chart for claims 1, 2, 8 and 9 of the '599 patent, Ex. B at 1-19.)

49.    On information and belief, Defendant Atlas is a for-profit organization engaged in
producing movies with revenues of several hundred million U.S.D. per year.  Moreover,
Defendant, its employees and/or agents make, use, sell, offer to sell, import and/or provide
and/or cause to be used the Accused Instrumentalities for Defendant's partners and customers,
leading to direct or indirect revenues and profit.  As one example of indirect profit, Atlas utilizes
the system to potentially enhance production quality and reduce costs in movie production
(Source: http://cinefex.com/blog/how-real-time-technology-is-making-better-movies/, last
accessed February 25, 2019) utilizing the Accused Instrumentalities as an inducement to attract
and maintain partners and customers who distribute Atlas' movies.  On information and belief,
without the availability of infringing tools such as the Accused Instrumentalities, Defendant
Atlas would be at a disadvantage in the marketplace and would generate less revenue overall.

50.    In particular, claim 1 of the '599 patent generally recites a virtual reality system
for one or more performers and participants comprising an immersive virtual reality
environment, one or more performer input and output devices in electronic communication with
the virtual environment, one or more participant input and output devices in electronic
communication with the virtual environment, wherein the virtual environment includes a video
image of one or more live performers with audio communication between one or more live

performers and one or more participants, wherein one or more participants interacts with one or more live performers and the virtual environment resulting in an experience partially controlled by one or more participants using an input device.  (*Id.* at 1-12.)

51.     Atlas provides virtual reality systems for participants and performers, and include an immersive reality environment.  (*Id.* at 1-3.)

52.     The Atlas systems also include one or more performer input and output devices in electronic communication with the virtual environment and one or more participant input and output devices, also in electronic communication with the virtual environment.  (*Id*. at 4-7.)

53.     The Atlas systems provide a virtual environment, which includes a video image of one or more live performers with audio communication between the one or more live performers and one or more participants.  (*Id.* at 8-9.)

54.     In the Atlas systems, the one or more participants interact with the one or more live performers and the virtual environment resulting in an experience partially controlled by the one or more participants using an input device.  (*Id.* at 10-12.)

55.     Claim 2 of the '599 patent generally recites the system of claim 1 wherein the immersive virtual reality environment comprises a processing device, system data, output data and a network which connects the processing device, performer and participant input and output devices in electronic communication, thereby transmitting the system and output data to the live performer and participant.

56.     In the Atlas systems, the virtual reality environment includes a processing device, system data, output data and a network which connects the processing device, performer and participant input and output devices in electronic communication, thereby transmitting the system and output data to the live performer and participant.  (*Id.* at 12-16.)

57.     Claim 8 of the '599 patent generally recites a system which interacts with participants and performers comprising an immersive virtual reality environment, said environment further comprising a processing device, system data, output data and a network; participant and performer input and output devices in electronic communication with  the immersive virtual reality environment; wherein at least one participant interacts with at least one live performer and the immersive virtual reality environment resulting in an experience in part controlled by the participant and participant input device; the network connecting the processing, performer and participant input and output devices in electronic communication, thereby transmitting the system and output data to the live performer and participant; and the network connecting the immersive virtual reality environment and participant input and output devices across the Internet.

58.     In the Atlas systems, the virtual reality environment includes an immersive virtual reality environment, said environment further comprising a processing device, system data, output data and a network; participant and performer input and output devices in electronic communication with the immersive virtual reality environment; wherein at least one participant interacts with at least one live performer and the immersive virtual reality environment resulting in an experience in part controlled by the participant and participant input device; the network connecting the processing, performer and participant input and output devices in electronic communication, thereby transmitting the system and output data to the live performer and participant; and the network connecting the immersive virtual reality environment and participant input and output devices across the Internet.  (*Id.* at 16-18.)

59.     Claim 9 of the '599 patent generally recites a method of providing interactive communications between participants and performers comprising the steps of providing an

immersive virtual reality environment; providing performer and participant input and output devices in communication with the immersive virtual reality environment; having the live performer interact with the participant and immersive virtual reality environment by including a live or prerecorded image of the live performer and audio communication between the live performer and the participant or between the participant and live performer or both; having the participant interact with the live performer producing an experience controlled by the participant and participant input device.

60.    Atlas provides methods of providing interactive communications between participants and performers, the method including the steps of providing an immersive virtual reality environment; providing performer and participant input and output devices in communication with the immersive virtual reality environment; having the live performer interact with the participant and immersive virtual reality environment by including a live or prerecorded image of the live performer and audio communication between the live performer and the participant or between the participant and live performer or both; having the participant interact with the live performer producing an experience controlled by the participant and participant input device.  (*Id.* at 18-19.)

61.    The Atlas systems offer a service to users of the virtual reality system, such as independent production workers and contract engineers for Atlas movie productions (*See* http://blog.nerdeo.net/news/simulcam-when-cg-meets-live-action/) using a computing device to interact with an immersive virtual reality environment via the Atlas systems as well as with participants and performers as recited in claim 1 of the '599 patent.

62.     Independent production workers and contract engineers employed or contracted by Atlas in the United States have used and interacted with the Atlas system as recited in claim 1 of the '599 patent.

63.     Upon information and belief, since at least the time it received notice by this Complaint, Atlas has induced and continue to induce others to infringe claims of the '599 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or conscious blindness, actively aiding and abetting others to infringe, including but not limited to Atlas' independent production workers and contract engineers, whose use of or reliance upon the Accused Instrumentalities constitutes direct infringement of claims of the '599 patent.

64.     In particular, Atlas' actions that aid and abet others to infringe include advertising and/or providing support services to independent production workers and contract engineers contracted by Atlas or by distributing the Accused instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.

65.     Upon information and belief, Atlas has engaged in such actions with specific intent to cause infringement or with conscious blindness to the resulting infringement because Atlas has had actual knowledge of the '599 patent and that its acts were inducing the infringement of the '599 patent since at least the date Atlas received notice by this Complaint that such activities infringed the '599 patent.

66.     Use of the Accused Instrumentalities by Atlas' independent production workers and contract engineers contracted by Atlas infringes each of claims 1, 2, 8 and 9 of the '599 patent through a combination of features which collectively practice each limitation of claims 1, 2, 8 and 9. (*See, e.g.*, Sources: http://www.animationxpress.com/index.php/latest-news/animatrik-delivers-motion-capture-service-to-bring-orcs-of-warcraft-to-life;

http://www.animationmagazine.net/vfx/animatrik-builds-virtual-world-for-warcraft/;

https://library.creativecow.net/article.php?author_folder=cow_news&article_folder=Warcraft_C
G-VFX_Animatrik&page=1; https://www.digitalmediaworld.tv/animation/951-animatrik-sees-
the-world-through-the-eyes-of-warcraft; https://www.linkedin.com/in/ryan-beagan-a118025/;

https://www.digitaldomain.com/motion-capture/;

https://en.wikipedia.org/wiki/Atlas_Entertainment;

https://www.imdb.com/search/title?companies=co0028338;

http://www.animationxpress.com/index.php/latest-news/performance-capture-and-virtual-
production-house-animatriks-deal-with-nantstudio-leads-to-its-expansion-in-the-usa;

http://cinefex.com/blog/how-real-time-technology-is-making-better-movies/;

https://en.wikipedia.org/wiki/Suicide_Squad_(film);

https://en.wikipedia.org/wiki/Warcraft_(film);

https://library.creativecow.net/article.php?author_folder=cow_news&article_folder=Warcraft_C
G-VFX_Animatrik&page=1; http://www.animationmagazine.net/vfx/animatrik-builds-virtual-
world-for-warcraft/; http://filmjunkee.com/tag/bryan-singer-x-men/; http://collider.com/x-men-
days-of-future-past-3d-simul-cam/; https://www.youtube.com/watch?v=lyHa_0yJBlw; and
https://www.firstshowing.net/2008/a-brief-look-at-the-technological-advancements-in-james-
camerons-avatar/, all last accessed on February 25, 2019.)

67.     Upon information and belief, these Accused Instrumentalities are marketed for,
provided to, and/or used by or for Defendant's partners, clients, independent production workers
and contract engineers employed or contracted by Atlas across the country.

68.     Upon information and belief, since at least the time Defendant received notice,
Defendant has induced and continues to induce others to infringe the claims of the '599 patent

under 35 U.S.C. § 271(b) by, among other things, and with specific intent or conscious

blindness, actively aiding and abetting others to infringe, including but not limited to

Defendant's partners, clients, independent production workers and contract engineers employed

or contracted by Atlas, whose use of the Accused Instrumentalities constitutes direct

infringement of the claims of the '599 patent.

69.     In particular, Defendant's actions that aid and abet others, such as its partners,

clients, Atlas' independent production workers and contract engineers employed or contracted by

Atlas, to infringe include advertising and distributing the Accused Instrumentalities and

providing instruction materials, training, and services regarding the Accused Instrumentalities.

For example, on information and belief, Atlas directs employees and contract workers to utilize

the Accused Instrumentalities for producing Atlas' movies. (*See, e.g.,* Source:

http://www.animationxpress.com/index.php/latest-news/animatrik-delivers-motion-capture-

service-to-bring-orcs-of-warcraft-to-life, last accessed February 25, 2019.)

70.     Upon information and belief, Defendant has engaged in such actions with specific

intent to cause infringement or with conscious blindness to the resulting infringement because

Defendant has had actual knowledge of the '599 patent and knowledge that its acts were

inducing infringement of the '599 patent since at least the date Defendant received notice by this

Complaint that such activities infringed the '599 patent.

71.     Upon information and belief, Defendant is liable as a contributory infringer of the

'599 patent under 35 U.S.C. § 271(c) by offering the Accused Instrumentalities or related items

involving the virtual reality systems (Source: http://www.animationxpress.com/index.php/latest-

news/animatrik-delivers-motion-capture-service-to-bring-orcs-of-warcraft-to-life, last accessed

February 25, 2019) in the United States including software and/or interfaces to be especially made or adapted for use in an infringement of the '599 patent.

72.     The Accused Instrumentalities are a material component for use in practicing the '599 patent claims and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

73.     Defendant Atlas was made aware of the '599 patent and its infringement thereof at least as early as the filing and service of this Complaint.  Despite Plaintiff's notice to Atlas by this Complaint regarding the '599 patent, the Defendant continues to infringe the '599 patent.

74.     Upon information and belief, since at least the time it received notice by this Complaint, Atlas' infringement has been and continues to be willful.

75.     Plaintiff VIT has been harmed by each of Atlas' infringing activities with respect to the '599 patent.

76.     VIT reserves the right to modify its infringement theories as discovery progresses in this case.  It shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts it provides with this Complaint.  VIT intends the claim chart (Exhibit B) for the '599 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim chart is not VIT's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '599 patent;

- 17 -

B.      An award of damages to be paid by Defendant adequate to compensate Plaintiff

for Defendant's past infringement of the '599 patent, and any continuing or future infringement

through the date such judgment is entered, including interest, costs, expenses and an accounting

of all infringing acts including, but not limited to, those acts not presented at trial;

C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of

Plaintiff's reasonable attorneys' fees; and

D.      An award to Plaintiff of such further relief at law or in equity as the Court deems

just and proper.


Dated: March 1, 2019                          DEVLIN LAW FIRM LLC


                                              */s/ Timothy Devlin*
                                              Timothy Devlin (#4241)
                                              tdevlin@devlinlawfirm.com
                                              Patrick R. Delaney (*pro hac vice* to be filed)
                                              pdelaney@devlinlawfirm.com
                                              1306 N. Broom St., 1st Floor
                                              Wilmington, Delaware 19806

                                              Telephone: (302) 449-9010
                                              Facsimile: (302) 353-4251

                                              *Attorneys for Plaintiff,*
                                              *Virtual Immersion Technologies LLC*