IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PHARMACYCLICS LLC and | ) | |
| JANSSEN BIOTECH, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ALVOGEN PINE BROOK LLC and | ) | |
| NATCO PHARMA LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Pharmacyclics LLC ("Pharmacyclics") and Janssen Biotech, Inc. ("Janssen"), (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Alvogen Pine Brook LLC ("Alvogen") and Natco Pharma Ltd. ("Natco") (collectively, "Alvogen-Natco"), and hereby allege as follows:

## NATURE OF THE ACTION

1.     This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, arises from Alvogen-Natco's recent submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 212763 ("Alvogen-Natco's ANDA"). Alvogen-Natco seeks approval to market generic versions in 140 mg, 280 mg, 420 mg, and 560 mg dosage strengths of Plaintiffs' highly successful pharmaceutical product IMBRUVICA® Tablets, prior to the expiration of United States Patent Nos. 7,514,444 ("the '444 Patent"); 8,008,309 ("the '309 Patent"); 8,476,284 ("the '284 Patent"); 8,497,277 ("the '277 Patent"); 8,697,711 ("the '711 Patent"); 8,735,403 ("the '403 Patent"); 8,754,090 ("the '090 Patent"); 8,754,091 ("the '091 Patent"); 8,952,015 ("the '015 Patent"); 8,957,079 ("the '079 Patent"); 9,181,257 ("the '257 Patent"); 9,296,753 ("the '753

Patent"); 9,655,857 ("the '857 Patent"); 9,725,455 ("the '455 Patent"); 10,010,507 ("the '507 Patent"); 10,106,548 ("the '548 Patent"); and 10,125,140 ("the '140 Patent").

## IMBRUVICA® TABLETS

2.      IMBRUVICA® (ibrutinib) is a ground-breaking drug which covalently binds to a protein called Bruton's tyrosine kinase ("BTK"), thereby irreversibly inhibiting BTK's activity.

3.      BTK is a key signaling molecule in the pathway that leads to B-cell growth and maturation following activation of the B-cell receptor. Abnormalities in the B-cell receptor signaling pathway can lead to uncontrolled cell growth and cause cancers of the blood and bone marrow. IMBRUVICA® is the first FDA-approved BTK inhibitor.

4.      Pharmacyclics invested hundreds of millions of dollars in the development of IMBRUVICA®. Pharmacyclics partnered with Janssen to bring this revolutionary drug to patients across the United States and throughout the world. Janssen, recognizing the potential of the compound, invested hundreds of millions of dollars in the clinical development and commercialization of IMBRUVICA®.

5.      Initial clinical trials using IMBRUVICA® to treat mantle cell lymphoma ("MCL") showed that patients taking IMBRUVICA® had an observed response rate of 68%. These results led FDA to grant accelerated approval to IMBRUVICA® for the treatment of MCL in patients who had received at least one prior therapy through the new Breakthrough Therapy Designation pathway, a process that allows the FDA to grant priority review to drug candidates if preliminary clinical trials indicate that the therapy may offer substantial treatment advantages over existing options for patients with serious or life-threatening diseases. IMBRUVICA® was one of the first drugs ever to receive FDA approval via the Breakthrough Therapy Designation.

6.      IMBRUVICA® has received three additional Breakthrough Therapy Designations for three additional indications: Waldenström's macroglobulinemia; chronic lymphocytic

2

leukemia ("CLL") or small lymphocytic lymphoma ("SLL") with a deletion of the short arm of chromosome 17 (del 17p); and chronic graft-versus-host-disease ("cGVHD"). IMBRUVICA® is also indicated for the treatment of marginal zone lymphoma ("MZL") in patients who require systemic therapy and have received at least one prior anti-CD20-based therapy and the treatment of CLL/SLL. For MZL and cGVHD, IMBRUVICA® represents the first FDA-approved treatment specifically for patients with these disorders.

7.      IMBRUVICA® has one of the most robust clinical oncology development programs for a single molecule in the industry, with more than 130 ongoing clinical trials. There are approximately 30 ongoing company-sponsored trials, 14 of which are in Phase 3, and more than 100 investigator-sponsored trials and external collaborations that are active around the world.

8.      IMBRUVICA® has gained widespread acceptance in the medical community with more than 135,000 patients around the world having been treated with IMBRUVICA®. In 2015, IMBRUVICA® was awarded the prestigious Prix Galien Award for Best Pharmaceutical Agent. The Prix Galien Award is considered the biomedical industry's highest accolade.

9.      The '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents are listed in the Orange Book for IMBRUVICA® Tablets.

## THE PARTIES

10.     Plaintiff Pharmacyclics LLC is a limited liability company organized and existing under the laws of the Delaware with its principal place of business at 999 East Arques Avenue, Sunnyvale, California 94085. Pharmacyclics is a wholly owned subsidiary of AbbVie Inc., a Delaware corporation with its principal place of business at 1 North Waukegan Road, North Chicago, Illinois 60064-6400. Pharmacyclics is the assignee and owner of the '444, '309, '284,

'277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents. Pharmacyclics holds New Drug Application ("NDA") No. 210563 for IMBRUVICA® Tablets.

11.     Plaintiff Janssen Biotech, Inc. is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044. Janssen is a wholly owned subsidiary of Johnson & Johnson. Janssen is the exclusive licensee of the Orange Book patents for IMBRUVICA® Tablets. Janssen is engaged in the clinical development and commercialization of IMBRUVICA® Tablets and shares in the proceeds from U.S. sales of IMBRUVICA® Tablets.

12.     On information and belief, Defendant Alvogen is a limited liability company organized and existing under the laws of Delaware, with a principal place of business at 10 Bloomfield Avenue, Building B, Pine Brook, New Jersey 07058.

13.     On information and belief, Defendant Natco is a corporation organized and existing under the laws of the Republic of India, with a principal place of business at NATCO House, Road No. 2, Banjara Hills, Hyderabad – 500 034, India.

14.     On information and belief, Alvogen and Natco collaborate and/or will collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of the proposed generic ibrutinib tablets in 140 mg, 280 mg, 420 mg, and 560 mg dosage strengths as described in Alvogen-Natco's ANDA ("Alvogen-Natco's ANDA Products"). Natco has held itself out as "co-development & marketing partner[s]" with Alvogen in the submission of the ANDA "for [a] generic version of Ibrutinib Tablets of 140mg, 280mg, 420mg and 560mg strength (proposed generic equivalents to Imbruvica® Tablets)." News & Announcements, *NATCO and Alvogen file ANDA for Ibrutinib Tablets for the USA Market* (Jan. 31, 2019) (available at https://www.natcopharma.co.in/about/news) (last viewed Mar. 1, 2019); *see also*

4

Dani Kass, *AbbVie, Janssen's $3B Imbruvica Faces First Generic Threat*, Law360 (Jan. 31, 2019) (available at https://www.law360.com/articles/1124269/abbvie-janssen-s-3b-imbruvica-faces-first-generic-threat) ("Natco and Alvogen . . . [have] asked the U.S. Food and Drug Administration to approve their generic version of AbbVie and Janssen's blockbuster leukemia medication Imbruvica. . . . Natco and Alvogen's ANDA features a Paragraph IV certification . . . .") (last viewed Mar. 1, 2019).

15.     On information and belief, Alvogen-Natco caused ANDA No. 212763 to be submitted to FDA and seeks FDA approval of ANDA No. 212763.

16.     On information and belief, Natco holds Drug Master File ("DMF") No. 32937 for ibrutinib.

17.     On information and belief, Natco will financially benefit in the event FDA approves the Alvogen-Natco ANDA because Natco is actively involved in the commercial manufacture, use, and/or sale of Alvogen-Natco's ANDA Products. *See id*.

18.     On information and belief, Alvogen-Natco intends to commercially manufacture, market, offer for sale, and sell Alvogen-Natco's ANDA Products throughout the United States, including in the State of Delaware, in the event FDA approves Alvogen-Natco's ANDA.

## JURISDICTION AND VENUE

19.     This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271.

20.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

21.     This Court has personal jurisdiction over Alvogen because, on information and belief, Alvogen is a limited liability company organized and existing under the laws of Delaware.

On information and belief, Alvogen is registered to do business as a domestic limited liability company in Delaware (File Number 5126726).

22.     Additionally, this Court has personal jurisdiction over Alvogen because, on information and belief, Alvogen, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its affiliates, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Alvogen-Natco's ANDA Products in the State of Delaware upon approval of ANDA No. 212763.

23.     On information and belief, Alvogen is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through affiliates, agents, and/or alter egos, which Alvogen manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.

24.     On information and belief, Alvogen is licensed to sell generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its affiliates, agents, and/or alter egos.

25.     Alvogen-Natco has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture and/or market IMBRUVICA® Tablets for sale and use throughout the United States, including in this judicial district. On information and belief and as indicated by a letter dated January 16, 2019 sent by Alvogen to Pharmacyclics pursuant to 21 U.S.C. § 355(j)(2)(B) ("Alvogen's Notice Letter"), Alvogen-Natco prepared and filed ANDA

No. 212763 with the intention of seeking to market Alvogen-Natco's ANDA Products nationwide, including within this judicial district.

26.     On information and belief, Alvogen-Natco plans to sell the ANDA Products in the State of Delaware, list the ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

27.     On information and belief, Alvogen-Natco knows and intends that its proposed ANDA Products will be distributed and sold in Delaware and will thereby displace sales of IMBRUVICA® Tablets, causing injury to Plaintiffs. Alvogen-Natco intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed ANDA Products.

28.     Alvogen has invoked the jurisdiction of the courts of this judicial district as a counterclaim plaintiff in a patent infringement action concerning FDA-approved drug products. *See, e.g.*, *Cosmo Techs. Ltd. et al. v. Alvogen Pine Brook, LLC et al.*, Civ. A. No. 1:15-cv-01047-LPS, D.I. 9 (D. Del. Nov. 30, 2015). Alvogen has not contested personal jurisdiction or venue in patent litigation concerning FDA-approved drug products in this judicial district. *See, e.g.*, *id.*

29.     This Court has personal jurisdiction over Natco because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Natco is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Natco has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Alvogen-Natco's ANDA, preparing and submitting DMF No. 32937 to FDA, and/or manufacturing and/or selling pharmaceutical

products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Natco satisfies due process.

30.     Venue is proper in this district for Alvogen pursuant to 28 U.S.C. § 1391 and 1400(b) because, *inter alia*, Alvogen is a limited liability company organized and existing under the laws of the State of Delaware.

31.     Venue is proper in this district for Natco pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Natco is a corporation organized and existing under the laws of India and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

## THE ASSERTED PATENTS

32.     The '444 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") on April 7, 2009. A true and correct copy of the '444 Patent is attached hereto as Exhibit A.

33.     The '309 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on August 30, 2011. A true and correct copy of the '309 Patent is attached hereto as Exhibit B.

34.     The '284 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on July 2, 2013. A true and correct copy of the '284 Patent is attached hereto as Exhibit C.

35.     The '277 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on July 30, 2013. A true and correct copy of the '277 Patent is attached hereto as Exhibit D.

36.     The '711 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on April 15, 2014. A true and correct copy of the '711 Patent is attached hereto as Exhibit E.

37.     The '403 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on May 27, 2014. A true and correct copy of the '403 Patent is attached hereto as Exhibit F.

38.     The '090 Patent, entitled "Use of Inhibitors of Bruton's Tyrosine Kinase (BTK)," was duly and lawfully issued by the USPTO on June 17, 2014. A true and correct copy of the '090 Patent is attached hereto as Exhibit G.

39.     The '091 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on June 17, 2014. A true and correct copy of the '091 Patent is attached hereto as Exhibit H.

40.     The '015 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on February 10, 2015. A true and correct copy of the '015 Patent is attached hereto as Exhibit I.

41.     The '079 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on February 17, 2015. A true and correct copy of the '079 Patent is attached hereto as Exhibit J.

42.     The '257 Patent, entitled "Inhibitors of Bruton's Tyrosine Kinase," was duly and lawfully issued by the USPTO on November 10, 2015. A true and correct copy of the '257 Patent is attached hereto as Exhibit K.

43.     The '753 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on March 29, 2016. A true and correct copy of the '753 Patent is attached hereto as Exhibit L.

44.     The '857 Patent, entitled "Pharmaceutical Formulations of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on May 23, 2017. A true and correct copy of the '857 Patent is attached hereto as Exhibit M.

45.     The '455 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on August 8, 2017. A true and correct copy of the '455 Patent is attached hereto as Exhibit N.

46.     The '507 Patent, entitled "Pharmaceutical Formulations of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on July 3, 2018. A true and correct copy of the '507 Patent is attached hereto as Exhibit O.

47.     The '548 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on October 23, 2018. A true and correct copy of the '548 Patent is attached hereto as Exhibit P.

48.     The '140 Patent, entitled "Crystalline Forms of a Bruton's Tyrosine Kinase Inhibitor," was duly and lawfully issued by the USPTO on November 13, 2018. A true and correct copy of the '140 Patent is attached hereto as Exhibit Q.

## ALVOGEN-NATCO'S ANDA NO. 212763

49.     On information and belief, Alvogen-Natco has submitted ANDA No. 212763 to FDA, or caused ANDA No. 212763 to be submitted to FDA, under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of ibrutinib tablets in 140 mg, 280 mg, 420 mg, and 560 mg dosage strengths as purported generic versions of IMBRUVICA® Tablets prior to the expiration of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents.

50.     On information and belief, FDA has not approved Alvogen-Natco's ANDA.

51.     On information and belief, Alvogen sent Pharmacyclics a Notice Letter dated January 16, 2019. Alvogen's Notice Letter represented that Alvogen had submitted to FDA ANDA No. 212763 and a purported Paragraph IV certification for the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents.

52.     In Alvogen's Notice Letter, Alvogen purported to offer confidential access to portions of ANDA No. 212763 on terms and conditions set forth in Alvogen's Notice Letter ("the Alvogen Offer"). Alvogen requested that Pharmacyclics accept the Alvogen Offer before receiving access to ANDA No. 212763. The Alvogen Offer contained unreasonable restrictions on who could view the ANDA, well beyond those that would apply under a protective order. The Alvogen Offer did not permit any of Pharmacyclics' outside attorneys to access ANDA No. 212763, and only allowed one in-house attorney for Pharmacyclics to access ANDA No. 212763. Nor did it permit any scientific experts to access ANDA No. 212763. Nor did it permit outside counsel, in-house attorneys, or scientific experts for Plaintiff Janssen to access Alvogen's ANDA. Additionally, the Alvogen Offer contained provisions that unreasonably restricted the ability of the single in-house counsel receiving access to ANDA No. 212763 to engage in any patent prosecution or work before or involving the FDA. The restrictions the Alvogen Offer placed on access to ANDA No. 212763 contravene 21 U.S.C. § 355(j)(5)(C)(i)(III), which states that an offer of confidential access "shall contain such restrictions as to persons entitled to access, and on the use and disposition of any information accessed, *as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information*" (emphasis added).

53.     Beginning with correspondence on February 4, 2019, outside counsel for Plaintiffs negotiated in good faith with counsel for Alvogen in an attempt to reach agreement on

reasonable terms of confidential access to the ANDA. Alvogen continued to insist on unreasonable restrictions on access to the ANDA, which are inconsistent with the provisions of Discovery Confidentiality Orders/Protective Orders Alvogen has agreed to in recent litigation involving similar subject matter. Alvogen refused to provide confidential access to its ANDA to Plaintiff Janssen. Plaintiffs explained that Janssen is the exclusive licensee of the asserted patents, and, as such, Janssen would be a plaintiff in any Hatch-Waxman litigation involving the asserted patents and would be included on any protective order/discovery confidentiality order entered in such a litigation. Nonetheless, Alvogen refused to allow Janssen access to Alvogen-Natco's ANDA and therefore to information that would be necessary to evaluate Alvogen-Natco's ANDA and the representations in Alvogen's Notice Letter. Additionally, despite knowing Plaintiffs were filing a complaint on March 1, 2019 due to the statutorily imposed deadline, Alvogen refused to allow ANDA access to experts until the evening of February 28, 2019. Alvogen also proposed additional changes to its Offer the evening of February 28, 2019, and continued to refuse to allow access to more than one in-house counsel from Pharmacyclics. Alvogen has allowed expert access, and access to more than one in-house counsel, in prior Hatch-Waxman actions. *See, e.g.*, *Noven Pharms., Inc. v. Alvogen Pine Brook LLC et al.*, Civ. A. No. 1:17-cv-01429-LPS, D.I. 18 (D. Del. Dec. 11, 2017); *Purdue Pharma L.P. et al. v. Alvogen Pine Brook LLC et al.*, Civ. A. No. 1:15-cv-00687, D.I. 59 (D. Del. Feb. 12, 2016). To date, neither Janssen nor Pharmacyclics has received access to Alvogen-Natco's ANDA.

54.     According to applicable regulations, Notice Letters such as Alvogen's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation

of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 CFR § 314.95(c)(7); *see also* 21 CFR § 314.52.

55.     For at least one claim of each of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents, Alvogen's Notice Letter failed to allege that Alvogen-Natco's ANDA Products or the proposed administration of the Products would not meet the limitations of that claim.

56.     On information and belief, if FDA approves Alvogen-Natco's ANDA, Alvogen will manufacture, offer for sale, or sell Alvogen-Natco's ANDA Products, within the United States, including within the State of Delaware, or will import Alvogen-Natco's ANDA Products into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Alvogen-Natco's ANDA Products will directly infringe the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents and Alvogen will actively induce and/or contribute to their infringement.

57.     On information and belief, if FDA approves Alvogen-Natco's ANDA, Natco will manufacture, offer for sale, or sell Alvogen-Natco's ANDA Products, within the United States, including within the State of Delaware, or will import Alvogen-Natco's ANDA Products into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Alvogen-Natco's ANDA Products will directly infringe the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents and Natco will actively induce and/or contribute to their infringement.

58.     This action is being brought within forty-five days of Plaintiffs' receipt of Alvogen's Notice Letter, pursuant to 21 U.S.C. § 355(j)(5)(B)(iii). Accordingly, Plaintiffs are

entitled to a stay of FDA approval pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) and U.S.C. § 355(j)(5)(F)(ii).

## COUNT I
## INFRINGEMENT OF THE '444 PATENT BY ALVOGEN-NATCO

59.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–58 as if fully set forth herein.

60.     On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

61.     Plaintiffs own all rights, title, and interest in and to the '444 Patent.

62.     Alvogen-Natco's ANDA Products infringe one or more claims of the '444 Patent.

63.     Alvogen-Natco did not contest infringement of claims 1–8 of the '444 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '444 Patent, it was required by applicable regulations to state such a basis in the Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

64.     Alvogen-Natco has infringed one or more claims of the '444 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '444 Patent.

65.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '444 Patent would infringe one or more claims of the '444 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '444 Patent under 35 U.S.C. § 271 (b) and/or (c).

66. Alvogen-Natco had actual and constructive notice of the '444 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '444 Patent would constitute an act of infringement of the '444 Patent.

67. Alvogen-Natco filed its ANDA without adequate justification for asserting that the '444 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '444 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

68. Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '444 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II
## INFRINGEMENT OF THE '309 PATENT BY ALVOGEN-NATCO

69. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–68 as if fully set forth herein.

70. On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

71. Plaintiffs own all rights, title, and interest in and to the '309 Patent.

72. Alvogen-Natco's ANDA Products infringe one or more claims of the '309 Patent.

73.     Alvogen-Natco did not contest infringement of claims 1–7, 10, and 14 of the '309 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '309 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

74.     Alvogen-Natco has infringed one or more claims of the '309 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '309 Patent.

75.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '309 Patent would infringe one or more claims of the '309 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '309 Patent under 35 U.S.C. § 271 (b) and/or (c).

76.     Alvogen-Natco had actual and constructive notice of the '309 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '309 Patent would constitute an act of infringement of the '309 Patent.

77.     Alvogen-Natco filed its ANDA without adequate justification for asserting that the '309 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '309 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

78.     Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '309 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT III**
**INFRINGEMENT OF THE '284 PATENT BY ALVOGEN-NATCO**

79.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–78 as if fully set forth herein.

80.     On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

81.     Plaintiffs own all rights, title, and interest in and to the '284 Patent.

82.     Alvogen-Natco's ANDA Products infringe one or more claims of the '284 Patent.

83.     Alvogen-Natco did not contest infringement of claims 1–11 of the '284 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '284 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

84.     Alvogen-Natco has infringed one or more claims of the '284 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '284 Patent.

85.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '284 Patent would infringe

one or more claims of the '284 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '284 Patent under 35 U.S.C. § 271 (b) and/or (c).

86.    Alvogen-Natco had actual and constructive notice of the '284 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '284 Patent would constitute an act of infringement of the '284 Patent.

87.    Alvogen-Natco filed its ANDA without adequate justification for asserting that the '284 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '284 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

88.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '284 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT IV
## INFRINGEMENT OF THE '277 PATENT BY ALVOGEN-NATCO

89.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–88 as if fully set forth herein.

90. On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

91. Plaintiffs own all rights, title, and interest in and to the '277 Patent.

92. Alvogen-Natco's ANDA Products infringe one or more claims of the '277 Patent.

93. Alvogen-Natco did not contest infringement of claims 1–2, 5–8, 11–13, and 15–16 of the '277 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '277 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

94. Alvogen-Natco has infringed one or more claims of the '277 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '277 Patent.

95. On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '277 Patent would infringe one or more claims of the '277 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '277 Patent under 35 U.S.C. § 271 (b) and/or (c).

96. Alvogen-Natco had actual and constructive notice of the '277 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '277 Patent would constitute an act of infringement of the '277 Patent.

97.     Alvogen-Natco filed its ANDA without adequate justification for asserting that the '277 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '277 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

98.     Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '277 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT V
## INFRINGEMENT OF THE '711 PATENT BY ALVOGEN-NATCO

99.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–98 as if fully set forth herein.

100.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

101.    Plaintiffs own all rights, title, and interest in and to the '711 Patent.

102.    Alvogen-Natco's ANDA Products infringe one or more claims of the '711 Patent.

103.    Alvogen-Natco did not contest infringement of claims 1–2 of the '711 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '711 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

20

104. Alvogen-Natco did not contend that claims 4–13 of '711 Patent are invalid or unenforceable in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contend that the claims of the '711 Patent are invalid or unenforceable, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

105. Alvogen-Natco has infringed one or more claims of the '711 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '711 Patent.

106. On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '711 Patent would infringe one or more claims of the '711 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '711 Patent under 35 U.S.C. § 271 (b) and/or (c).

107. Alvogen-Natco had actual and constructive notice of the '711 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '711 Patent would constitute an act of infringement of the '711 Patent.

108. Alvogen-Natco filed its ANDA without adequate justification for asserting that the '711 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity and/or non-infringement with respect to the '711 Patent renders this case "exceptional"

as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

109.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '711 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT VI**
**INFRINGEMENT OF THE '403 PATENT BY ALVOGEN-NATCO**

110.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–109 as if fully set forth herein.

111.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

112.    Plaintiffs own all rights, title, and interest in and to the '403 Patent.

113.    Alvogen-Natco's ANDA Products infringe one or more claims of the '403 Patent.

114.    Alvogen-Natco did not contest infringement of claims 1–13 of the '403 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '403 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

115.    Alvogen-Natco has infringed one or more claims of the '403 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '403 Patent.

116. On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '403 Patent would infringe one or more claims of the '403 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '403 Patent under 35 U.S.C. § 271 (b) and/or (c).

117. Alvogen-Natco had actual and constructive notice of the '403 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '403 Patent would constitute an act of infringement of the '403 Patent.

118. Alvogen-Natco filed its ANDA without adequate justification for asserting that the '403 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '403 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

119. Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '403 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT VII**
**INFRINGEMENT OF THE '090 PATENT BY ALVOGEN-NATCO**

120. Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–119 as if fully set forth herein.

121.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

122.    Plaintiffs own all rights, title, and interest in and to the '090 Patent.

123.    Alvogen-Natco's ANDA Products infringe one or more claims of the '090 Patent.

124.    Alvogen-Natco did not contest infringement of claims 1–2 of the '090 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '090 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

125.    Alvogen-Natco has infringed one or more claims of the '090 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '090 Patent.

126.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '090 Patent would infringe one or more claims of the '090 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '090 Patent under 35 U.S.C. § 271 (b) and/or (c).

127.    Alvogen-Natco had actual and constructive notice of the '090 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '090 Patent would constitute an act of infringement of the '090 Patent.

128.     Alvogen-Natco filed its ANDA without adequate justification for asserting that the '090 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '090 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

129.     Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '090 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT VIII**
**INFRINGEMENT OF THE '091 PATENT BY ALVOGEN-NATCO**

130.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–129 as if fully set forth herein.

131.     On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

132.     Plaintiffs own all rights, title, and interest in and to the '091 Patent.

133.     Alvogen-Natco's ANDA Products infringe one or more claims of the '091 Patent.

134.     Alvogen-Natco did not contest infringement of claims 1–5 and 15–21 of the '091 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '091 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

135.    Alvogen-Natco did not contend that claim 6 of '091 Patent is invalid or unenforceable in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contend that the claims of the '091 Patent are invalid or unenforceable, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

136.    Alvogen-Natco has infringed one or more claims of the '091 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '091 Patent.

137.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '091 Patent would infringe one or more claims of the '091 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '091 Patent under 35 U.S.C. § 271 (b) and/or (c).

138.    Alvogen-Natco had actual and constructive notice of the '091 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '091 Patent would constitute an act of infringement of the '091 Patent.

139.    Alvogen-Natco filed its ANDA without adequate justification for asserting that the '091 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '091 Patent renders this case "exceptional" as that term is set forth

in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

140.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '091 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT IX**
**INFRINGEMENT OF THE '015 PATENT BY ALVOGEN-NATCO**

141.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–140 as if fully set forth herein.

142.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

143.    Plaintiffs own all rights, title, and interest in and to the '015 Patent.

144.    Alvogen-Natco's ANDA Products infringe one or more claims of the '015 Patent.

145.    Alvogen-Natco did not contest infringement of claims 1–17 and 19–20 of the '015 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '015 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

146.    Alvogen-Natco has infringed one or more claims of the '015 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '015 Patent.

147.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '015 Patent would infringe one or more claims of the '015 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '015 Patent under 35 U.S.C. § 271 (b) and/or (c).

148.    Alvogen-Natco had actual and constructive notice of the '015 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '015 Patent would constitute an act of infringement of the '015 Patent.

149.    Alvogen-Natco filed its ANDA without adequate justification for asserting that the '015 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '015 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

150.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '015 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT X
## INFRINGEMENT OF THE '079 PATENT BY ALVOGEN-NATCO

151.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–150 as if fully set forth herein.

152.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

153.    Plaintiffs own all rights, title, and interest in and to the '079 Patent.

154.    Alvogen-Natco's ANDA Products infringe one or more claims of the '079 Patent.

155.    Alvogen-Natco did not contest infringement of claims 1–5, 7, and 11–12 of the '079 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '079 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

156.    Alvogen-Natco did not contend that claims 6 and 8–10 of '079 Patent are invalid or unenforceable in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contend that the claims of the '079 Patent are invalid or unenforceable, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

157.    Alvogen-Natco has infringed one or more claims of the '079 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '079 Patent.

158.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '079 Patent would infringe one or more claims of the '079 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '079 Patent under 35 U.S.C. § 271 (b) and/or (c).

159.     Alvogen-Natco had actual and constructive notice of the '079 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '079 Patent would constitute an act of infringement of the '079 Patent.

160.     Alvogen-Natco filed its ANDA without adequate justification for asserting that the '079 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '079 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

161.     Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '079 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XI
## INFRINGEMENT OF THE '257 PATENT BY ALVOGEN-NATCO

162.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–161 as if fully set forth herein.

163.     On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

164.     Plaintiffs own all rights, title, and interest in and to the '257 Patent.

165.     Alvogen-Natco's ANDA Products infringe one or more claims of the '257 Patent.

166.     Alvogen-Natco did not contest infringement of claims 1–5, 8–10, and 13 of the '257 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '257 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

167.     Alvogen-Natco did not contend that claims 6–7, 11–12, and 14 of '257 Patent are invalid or unenforceable in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contend that the claims of the '257 Patent are invalid or unenforceable, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

168.     Alvogen-Natco has infringed one or more claims of the '257 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '257 Patent.

169.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '257 Patent would infringe one or more claims of the '257 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '257 Patent under 35 U.S.C. § 271 (b) and/or (c).

170.     Alvogen-Natco had actual and constructive notice of the '257 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '257 Patent would constitute an act of infringement of the '257 Patent.

171.     Alvogen-Natco filed its ANDA without adequate justification for asserting that the '257 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '257 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

172.     Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '257 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XII**
**INFRINGEMENT OF THE '753 PATENT BY ALVOGEN-NATCO**

173.     Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–172 as if fully set forth herein.

174.     On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

175.     Plaintiffs own all rights, title, and interest in and to the '753 Patent.

176.     Alvogen-Natco's ANDA Products infringe one or more claims of the '753 Patent.

177.     Alvogen-Natco did not contest infringement of claims 1–15 and 17 of the '753 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '753 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

32

178.     Alvogen-Natco has infringed one or more claims of the '753 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '753 Patent.

179.     On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '753 Patent would infringe one or more claims of the '753 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '753 Patent under 35 U.S.C. § 271 (b) and/or (c).

180.     Alvogen-Natco had actual and constructive notice of the '753 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '753 Patent would constitute an act of infringement of the '753 Patent.

181.     Alvogen-Natco filed its ANDA without adequate justification for asserting that the '753 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '753 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

182.     Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '753 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships

between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XIII
## INFRINGEMENT OF THE '857 PATENT BY ALVOGEN-NATCO

183.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–182 as if fully set forth herein.

184.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

185.    Plaintiffs own all rights, title, and interest in and to the '857 Patent.

186.    Alvogen-Natco's ANDA Products infringe one or more claims of the '857 Patent.

187.    Alvogen-Natco did not contest infringement of claims 1–4, 9–10, 16–24, 27–30 and 36–37 of the '857 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '857 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

188.    Alvogen-Natco has infringed one or more claims of the '857 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '857 Patent.

189.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '857 Patent would infringe one or more claims of the '857 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would

induce the infringement of and/or contribute to the infringement of one or more claims of the '857 Patent under 35 U.S.C. § 271 (b) and/or (c).

190.    Alvogen-Natco had actual and constructive notice of the '857 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '857 Patent would constitute an act of infringement of the '857 Patent.

191.    Alvogen-Natco filed its ANDA without adequate justification for asserting that the '857 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '857 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

192.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '857 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XIV
## INFRINGEMENT OF THE '455 PATENT BY ALVOGEN-NATCO

193.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–192 as if fully set forth herein.

194.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

195.    Plaintiffs own all rights, title, and interest in and to the '455 Patent.

196.    Alvogen-Natco's ANDA Products infringe one or more claims of the '455 Patent.

197.    Alvogen-Natco did not contest infringement of claims 1–13 of the '455 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '455 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

198.    Alvogen-Natco has infringed one or more claims of the '455 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '455 Patent.

199.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '455 Patent would infringe one or more claims of the '455 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '455 Patent under 35 U.S.C. § 271 (b) and/or (c).

200.    Alvogen-Natco had actual and constructive notice of the '455 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '455 Patent would constitute an act of infringement of the '455 Patent.

201.    Alvogen-Natco filed its ANDA without adequate justification for asserting that the '455 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '455 Patent renders this case "exceptional" as that term is set forth

in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

202.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '455 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XV
## INFRINGEMENT OF THE '507 PATENT BY ALVOGEN-NATCO

203.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–202 as if fully set forth herein.

204.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

205.    Plaintiffs own all rights, title, and interest in and to the '507 Patent.

206.    Alvogen-Natco's ANDA Products infringe one or more claims of the '507 Patent.

207.    Alvogen-Natco did not contest infringement of claims 1–10, 13–17, 19–21, 23, and 25–28 of the '507 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '507 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

208.    Alvogen-Natco has infringed one or more claims of the '507 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification

and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '507 Patent.

209.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '507 Patent would infringe one or more claims of the '507 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '507 Patent under 35 U.S.C. § 271 (b) and/or (c).

210.    Alvogen-Natco had actual and constructive notice of the '507 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '507 Patent would constitute an act of infringement of the '507 Patent.

211.    Alvogen-Natco filed its ANDA without adequate justification for asserting that the '507 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '507 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

212.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '507 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT XVI
## INFRINGEMENT OF THE '548 PATENT BY ALVOGEN-NATCO

213.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–212 as if fully set forth herein.

214.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

215.    Plaintiffs own all rights, title, and interest in and to the '548 Patent.

216.    Alvogen-Natco's ANDA Products infringe one or more claims of the '548 Patent.

217.    Alvogen-Natco did not contest infringement of claims 1–30 of the '548 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of the claims of the '548 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

218.    Alvogen-Natco has infringed one or more claims of the '548 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '548 Patent.

219.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '548 Patent would infringe one or more claims of the '548 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '548 Patent under 35 U.S.C. § 271 (b) and/or (c).

220.    Alvogen-Natco had actual and constructive notice of the '548 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request

for FDA approval prior to the expiration of the '548 Patent would constitute an act of infringement of the '548 Patent.

221.    Alvogen-Natco filed its ANDA without adequate justification for asserting that the '548 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '548 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

222.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '548 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT XVII**
**INFRINGEMENT OF THE '140 PATENT BY ALVOGEN-NATCO**

223.    Plaintiffs restate, reallege, and incorporate by reference paragraphs 1–222 as if fully set forth herein.

224.    On information and belief, Alvogen-Natco submitted or caused the submission of ANDA No. 212763 to FDA, and thereby seeks FDA approval of Alvogen-Natco's ANDA Products.

225.    Plaintiffs own all rights, title, and interest in and to the '140 Patent.

226.    Alvogen-Natco's ANDA Products infringe one or more claims of the '140 Patent.

227.    Alvogen-Natco did not contest infringement of claims 1–4 of the '140 Patent in Alvogen's Notice Letter. If Alvogen-Natco had a factual or legal basis to contest infringement of

the claims of the '140 Patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

228.    Alvogen-Natco has infringed one or more claims of the '140 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting ANDA No. 212763 with a Paragraph IV certification and thereby seeking FDA approval of a generic version of IMBRUVICA® Tablets prior to the expiration of the '140 Patent.

229.    On information and belief, the importation, manufacture, sale, offer for sale, or use of Alvogen-Natco's ANDA Products prior to the expiration of the '140 Patent would infringe one or more claims of the '140 Patent under 35 U.S.C. § 271(a), and/or Alvogen-Natco would induce the infringement of and/or contribute to the infringement of one or more claims of the '140 Patent under 35 U.S.C. § 271 (b) and/or (c).

230.    Alvogen-Natco had actual and constructive notice of the '140 Patent prior to filing ANDA No. 212763, and was aware that the filing of ANDA No. 212763 with the request for FDA approval prior to the expiration of the '140 Patent would constitute an act of infringement of the '140 Patent.

231.    Alvogen-Natco filed its ANDA without adequate justification for asserting that the '140 Patent is invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of its ANDA Products. Alvogen-Natco's conduct in certifying invalidity with respect to the '140 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285, and entitles Plaintiffs to recovery of their attorneys' fees and such other relief as this Court deems proper.

232.    Plaintiffs will be irreparably harmed if Alvogen-Natco is not enjoined from infringing, and from actively inducing or contributing to the infringement of the '140 Patent.

Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Alvogen-Natco, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

(A)     A judgment that Alvogen-Natco has infringed the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents under 35 U.S.C. § 271(e)(2)(A);

(B)     A judgment and order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Alvogen-Natco's ANDA shall be no earlier than the last expiration date of any of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents, or any later expiration of exclusivity for any of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents, including any extensions or regulatory exclusivities;

(C)     Entry of a permanent injunction enjoining Alvogen-Natco, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with Alvogen-Natco or on its behalf from commercially manufacturing, using, offering for sale, or selling its ANDA Products within the United States, or importing its ANDA Products into the United States, until the day after the expiration of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents;

(D)     A judgment declaring that making, using, selling, offering to sell, or importing Alvogen-Natco's ANDA Products, or inducing or contributing to such conduct, would constitute infringement of the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(E)     A declaration under 28 U.S.C. § 2201 that if Alvogen-Natco, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Alvogen-Natco's ANDA Products, it will constitute an act of infringement pursuant to 35 U.S.C. § 271 (a), (b), and/or (c);

(F)     An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Alvogen-Natco engages in the commercial manufacture, use, offer for sale, sale, and/or importation of its ANDA Products, or any product that infringes the '444, '309, '284, '277, '711, '403, '090, '091, '015, '079, '257, '753, '857, '455, '507, '548, and '140 Patents, or induces or contributes to such conduct, prior to the expiration of the patents including any additional exclusivity period applicable to those patents;

(G)     A finding that this is an exceptional case, and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

(H)     Costs and expenses in this action; and

(I)     Such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jtigan@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda
Nicholas L. Evoy
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

*Attorneys for Pharmacyclics LLC*

Gregory L. Diskant
Irena Royzman
Jordan M. Engelhardt
Lachlan Campbell-Verduyn
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, NY 10036
(212) 336-2000

*Attorneys for Janssen Biotech, Inc.*

March 1, 2019