# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHOPIFY INC. AND SHOPIFY (USA), INC.<br><br>                      Plaintiffs,<br><br>  v.<br><br>EXPRESS MOBILE, INC.<br><br>                      Defendant. | Case No. _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Shopify Inc. and Shopify (USA), Inc. (collectively, "Shopify"), for their Complaint against Defendant Express Mobile, Inc. ("Express Mobile"), alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S. C. § 2201 et seq. and the Patent Laws of the United States, 35 U.S.C. § 1 et seq. Shopify seeks a declaration of non-infringement of United States Patents Nos.: 6,546,397 ("the '397 Patent"); 7,594,168 ("the '168 Patent"); 9,063,755 ("the '755 Patent"); and 9,471,287 ("the '287 Patent") (collectively, the "Patents-in-Suit").

## THE PARTIES

2. Plaintiff Shopify Inc. is a corporation organized and existing under the laws of Canada, with a principal place of business at 150 Elgin St., 8th Floor, Ottawa, Ontario, Canada.

3. Plaintiff Shopify (USA), Inc. is a corporation organized and existing under the laws of Delaware, with a place of business at 33 New Montgomery St., Suite 750, San Francisco, California. Shopify (USA), Inc. is a wholly-owned subsidiary of Shopify, Inc. Shopify (USA), Inc. was formed in 2016 and based on the acquisition of a company known as Kit, which developed and still maintains a marketing chatbot.

4. Defendant Express Mobile, Inc. is a corporation organized and existing under the laws of Delaware, with a principal place of business at 700 Larkspur Landing Circle, Larkspur, California.

5. Express Mobile claims to be the owner by assignment of the right, title and interest in the Patents-in-Suit.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

8. As described in more detail below, an immediate, real, and justiciable controversy exists between Shopify and Express Mobile as to whether Shopify is infringing or has infringed the Patents-in-Suit.

9. Express Mobile is subject to general personal jurisdiction in this district because it is a Delaware corporation and thus resides and is at home in the District of Delaware.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)–(c).

## THE PATENTS-IN-SUIT

11. The '397 Patent, entitled "Browser based web site generation tool and run time engine," issued on April 8, 2003. A true and correct copy of the '397 Patent is attached as Exhibit A.

12. On or about November 20, 2000, the listed inventor of the '397 Patent assigned this interest to Akira Technologies, Inc. On or about February 23, 2012, Akira Technologies Inc. assigned its interests to Express Mobile.

13. The '168 Patent, entitled "Browser based web site generation tool and run time engine," issued on September 22, 2009. A true and correct copy of the '168 Patent is attached as Exhibit B. According to the face of the '168 Patent, the '168 Patent is a continuation of the application that led to the '397 Patent.

14. On or about February 23, 2012, the listed inventor of the '168 Patent assigned his interest to Express Mobile.

15. The '755 Patent, entitled "Systems and methods for presenting information on mobile devices," issued on June 23, 2015. A true and correct copy of the '755 Patent is attached as Exhibit C.

16. On or about April 7, 2009, the listed inventors of the '755 Patent assigned their interests to Express Mobile.

17. The '287 Patent, entitled "Systems and methods for integrating widgets on mobile devices," issued on October 18, 2016. A true and correct copy of the '287 Patent is attached as Exhibit D. According to the face of the '287 Patent, the '287 Patent is a continuation of the application that led to the '755 Patent.

18. On or about April 6, 2009, the listed inventors of the '287 Patent assigned their interests to Express Mobile.

### EXPRESS MOBILE'S ENFORCEMENT OF THE PATENTS-IN-SUIT AND THREATS AGAINST SHOPIFY

19. Over the past several years, Express Mobile has embarked on an industry-wide patent litigation campaign, including patent infringement actions against many of Shopify's competitors. Indeed, between 2015 and the present, Express Mobile has been involved in over 50 lawsuits related to one or more of the Patents-in-Suit. *See, e.g.*, *Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-cv-01177 (D. Del.); *Express Mobile, Inc. v. Big Spaceship LLC*, No. 1:18-cv-01167 (D. Del.); *Express Mobile, Inc. v. DreamHost, LLC*, No. 1:18-cv-01173 (D. Del.); *Express Mobile, Inc. v. iCrossing, Inc.*, No. 1:18-cv-01176 (D. Del.); *Express Mobile, Inc. v. eGroves Sys. Corp.*, No. 1:17-cv-00703 (D. Del.); *Express Mobile, Inc. v. BigCommerce, Inc.*, No. 3:!8-cv-03287 (N.D. Cal.); *Express Mobile, Inc. v. Alloy Marketing and Promotions, LLC*, No. 1:18-cv-01166 (D. Del.); *Express Mobile, Inc. v. Svitla Sys., Inc.*, No. 3:18-cv-04694 (N.D. Cal.); *Express Mobile, Inc. v. ePages, Inc.*, No. 1:17-cv-00707 (D. Del.); *Express Mobile, Inc. v. AppGyver Inc.*, No. 1:17-cv-00710 (D. Del.); *Express Mobile, Inc. v. Weebly, Inc.*, No. 2:16-cv-00906 (E.D. Tex.); *Express Mobile, Inc. v. Alibaba.com, Inc.*, No. 2:15-cv-00461 (E.D. Tex.); *Express Mobile, Inc. v. Blue Acorn, Inc.*, No. 2:16-cv-01411 (E.D. Tex.); *Express Mobile, Inc. v.*

*WaveMaker, Inc.*, No. 2:17-cv-00065 (E.D. Tex.); *Express Mobile, Inc. v. Manifest LLC*, No. 1:18-cv-00103 (D. Del.); *Express Mobile, Inc. v. Domani Studios LLC*, No. 1:18-cv-00102 (D. Del.).

20. In at least two instances, Express Mobile's complaint for patent infringement has specifically identified Shopify's products and platform as accused instrumentalities. *See Express Mobile, Inc. v. Mondo Intern., LLC*, No. 1:18-cv-01179 (D. Del.), Compl. ¶¶ 19 ("The Accused Instrumentalities include but are not limited to the website building tools used and/or provided by Defendant, such as, for example . . . Shopify[.]") & 91 ("The Accused Instrumentalities infringe claim 1 of the '168 patent through a combination of features which collectively practice each limitation of claim 1."), attached hereto as Exhibit E; *Express Mobile, Inc. v. Rockfish Interactive LLC*, No. 1:18-cv-00105 (D. Del.), Compl. ¶ 19 ("The Accused Instrumentalities include but are not limited to the website building tools used by Defendant, such as, for example, . . . all versions of Shopify."), attached hereto as Exhibit F.

21. The complaints in these actions include allegations concerning how the "Accused Instrumentalities" purportedly infringe the '397 and '168 patents. Many of these allegations cite extensively to Shopify user documentation. *See, e.g.*, Ex. E, ¶¶ 27, 35, 73, 76, 94; Ex. F, ¶¶ 24, 53, 71.

22. Express Mobile has also expressly accused Shopify of infringing the Patents-in-Suit. On or about December 20, 2018, attorney Timothy Devlin, acting on behalf of Express Mobile, sent a letter to Shopify with the subject line "Express Mobile, Inc.'s U.S. Patent Nos. 6,546,397, 7,594,168, 9,063,755 and 9,471,287."

23. The December 20, 2018 letter states that "[Express Mobile] believe[s] that Shopify has infringed and is infringing one or more of the Express Mobile patents through its business of building web sites and web pages for customers."

4

24. The December 20, 2018 letter further states that "[b]ased on publicly available information, we have prepared detailed claim charts comparing your eCommerce software and platform and exemplary claims of the Express Mobile patents."

25. The December 20, 2018 letter states that "Express Mobile believes that it has suffered damages as a result of Shopify's activity, and will continue to suffer damages in the future."

26. Express Mobile's December 20, 2018 letter and its history of litigation against numerous parties over the past 3 years, including Shopify competitors and complaints specifically referencing Shopify products, constitutes affirmative enforcement conduct by Express Mobile establishing a substantial controversy of sufficient immediacy and reality regarding whether Shopify infringes any claim of the Patents-in-Suit.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '397 PATENT

27. Shopify restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

28. As set forth above, Express Mobile identified the '397 patent in correspondence with Shopify and asserts that Shopify's eCommerce software and platform infringes one or more claims of the '397 patent.

29. Shopify, however, has not infringed and does not infringe any claim of the '397 patent, either directly or indirectly, literally or under the doctrine of equivalents.

30. Shopify does not infringe the claims of the '397 patent because Shopify's eCommerce software and platform do not meet at least the limitation of "building one or more web pages to generate said website from at least a portion of said database and at least one run time file, where said at least one run time file utilizes information stored in said database to

generate virtual machine commands for the display of at least a portion of said one or more web pages," as required by claim 1 of the '397 patent. More specifically, Shopify's eCommerce software and platform do not generate virtual machine commands because these products do not generate commands for an abstract machine that is emulated in software and that executes intermediate code.

31. Express Mobile's litigious history, the infringement allegations by Express Mobile against Shopify, and Shopify's denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '397 patent. A valid and justiciable controversy has arisen and exists between Express Mobile and Shopify within the meaning of 28 U.S.C. § 2201.

32. A judicial determination of non-infringement is necessary and appropriate so that Shopify may ascertain its rights regarding the '397 patent.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '168 PATENT

33. Shopify restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

34. As set forth above, Express Mobile identified the '168 patent in correspondence with Shopify and asserts that Shopify's eCommerce software and platform infringes one or more claims of the '168 patent.

35. Shopify, however, has not infringed and does not infringe any claim of the '168 patent.

36. Shopify does not infringe the claims of the '168 patent, because Shopify's eCommerce software and platform do not meet at least the limitation of "a web browser with access to a runtime engine is configured to generate the web-site from the objects and style data

6

extracted from the provided database" of claim 1 of the '168 patent. Shopify's products do not include the claimed runtime engine because these products do not provide, use, or rely on a file that: (1) is downloaded or created when a browser is pointed to a webpage or website; and (2) contains code that can be executed and that, when executed at runtime, facilitates the retrieval of information from the database and generates commands to display a web page or website.

37. Additionally, Shopify does not infringe the claims of the '168 patent, because Shopify's eCommerce software and platform do not meet at least the limitation of at least "data defining, for each object, the object style, an object number, and an indication of the web page that each object is a part of," as required by claim 1 of the '168 patent. The file systems in which the objects for Shopify's ecommerce systems are stored do not include, at a minimum, a "database with a multidimensional array comprising the objects that comprise the website including data defining, for each object, the object style, an object number, and an indication of the web page that each object is a part of." Instead, in Shopify's ecommerce system, objects are stored in file systems and are referenced in the code for the webpage(s) on which the object appears.

38. Express Mobile's litigious history, the infringement allegations by Express Mobile against Shopify, and Shopify's denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '168 patent. A valid and justiciable controversy has arisen and exists between Express Mobile and Shopify within the meaning of 28 U.S.C. § 2201.

39. A judicial determination of non-infringement is necessary and appropriate so that Shopify may ascertain its rights regarding the '168 patent.

7

ME1 29654638v.1

**COUNT III**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '755 PATENT**

40. Shopify restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

41. As set forth above, Express Mobile identified the '755 patent in correspondence with Shopify and asserts that Shopify's eCommerce software and platform infringes one or more claims of the '755 patent.

42. Shopify, however, has not infringed and does not infringe any claim of the '755 patent.

43. Shopify does not infringe the claims of the '755 patent, because Shopify's eCommerce software and platform do not meet at least the limitation of having an "authoring tool configured to . . . produce an Application including the selected symbolic name of the defined UI object, where said Application is a device-independent code" and "produce a Player, where said Player is a device-dependent code" where "the Application and Player are provided to the device and executed on the device" of claim 1 of the '755 patent. For example, Shopify's iOS mobile application consists of device-dependent code and, for that reason, runs only on iOS devices and will not run on Android or Windows devices. Similarly, Shopify's Android mobile application consists of device-dependent code and, for that reason, runs only on Android devices and will not run on iOS or Windows devices. Shopify's mobile applications do not include "device-independent code."

44. Express Mobile's litigious history, the infringement allegations by Express Mobile against Shopify, and Shopify's denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '755 patent. A valid and justiciable controversy has arisen and exists between Express Mobile and

8

Shopify within the meaning of 28 U.S.C. § 2201.

45. A judicial determination of non-infringement is necessary and appropriate so that Shopify may ascertain its rights regarding the '755 patent.

## COUNT IV

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '287 PATENT

46. Shopify restates and incorporates by reference the allegations in the preceding paragraphs of this Complaint as if fully set forth herein.

47. As set forth above, Express Mobile identified the '287 patent in correspondence with Shopify and asserts that Shopify's eCommerce software and platform infringes one or more claims of the '287 patent.

48. Shopify, however, has not infringed and does not infringe any claim of the '287 patent.

49. Shopify does not infringe the claims of the '287 patent, because Shopify's eCommerce software and platform do not meet at least the limitation of "an authoring tool configured to . . . produce an Application . . . where said Application is device-independent code" and including "a Player, where said Player is a device-dependent code" of claim 1 of the '287 patent. Shopify's products do not include or provide any device-independent code. For example, Shopify's iOS mobile application consists of device-dependent code and, for that reason, runs only on iOS devices and will not run on Android or Windows devices. Similarly, Shopify's Android mobile application consists of device-dependent code and, for that reason, runs only on Android devices and will not run on iOS or Windows devices.

50. Express Mobile's litigious history, the infringement allegations by Express Mobile against Shopify, and Shopify's denial of infringement have created a substantial, immediate, and real controversy between the parties as to the non-infringement of the '287

9

patent. A valid and justiciable controversy has arisen and exists between Express Mobile and Shopify within the meaning of 28 U.S.C. § 2201.

51. A judicial determination of non-infringement is necessary and appropriate so that Shopify may ascertain its rights regarding the '287 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Shopify respectfully requests the following relief:

    A. Judgment that Shopify has not and does not infringe any claim of the Patents-in-Suit;

    B. Judgment entered in favor of Shopify and against Express Mobile on Shopify's claim;

    C. A finding that this is an exceptional case under 35 U.S.C. § 285;

    D. An award of Shopify's costs and attorneys' fees in connection with this action; and

    E. Such further and additional relief as the Court deems just and proper.

## **JURY DEMAND**

Shopify demands a jury trial on all issues and claims so triable.

Dated: March 1, 2019

OF COUNSEL:

Adam R. Brausa
Timothy C. Saulsbury
Vera Ranieri
Whitney R. O'Byrne
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel: (415) 362-6666
abrausa@durietangri.com
tsaulsbury@durietangri.com
vranieri@durietangri.com
wobyrne@durietangri.com

McCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King St., 8th Fl.
Wilmington, DE 19801
Tel: (302) 984-6331
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs
Shopify Inc. and Shopify (USA), Inc.*

11