**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **J&H WEB TECHNOLOGIES, LLC,** § | | |
| § | | |
| Plaintiff, § | | |
| § | **CIVIL ACTION NO.** | |
| v. § | | |
| § | | |
| **410 LABS, INC. DBA MAILSTROM,** § | **JURY DEMAND** | |
| § | | |
| Defendant. § | | |

**ORIGINAL COMPLAINT AND JURY DEMAND**

### I.   INTRODUCTION

This is an action for patent infringement in which Plaintiff J&H Web Technologies, LLC makes the following allegations against Defendant 410 Labs, Inc. dba Mailstrom.

### II.   PARTIES

1.   Plaintiff J&H Web Technologies, LLC ("J&H") is a Texas limited liability company with its principal place of business at 12333 Sowden Rd Ste B, PMB #32776 Houston, TX 77080-2059.

2.   On information and belief, defendant 410 Labs, Inc. dba Mailstrom ("Mailstrom") is a Delaware corporation having a principal place of business at 1106 N. Charles St. Suite 202, Baltimore Maryland 21201-5591. 410 Labs, Inc. may be served via its registered agent for service of process, Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

### III.   JURISDICTION AND VENUE

3.   This action arises under the patent laws of the United States, Title 35 United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 1338(a).

4.   This Court has personal jurisdiction over 410 Labs.  410 Labs has conducted and continues to conduct business within the State of Delaware and within the District of Delaware.

410 Labs (directly and/or through intermediaries acting on its behalf) uses, offers for sale, sells, and/or advertises its products (including, but not limited to, the products that are accused of patent infringement in this lawsuit) in the United States, the State of Delaware, and the District of Delaware. 410 Labs (directly and/or through intermediaries acting on its behalf) has committed patent infringement within the State of Delaware, and, more particularly, within the District of Delaware, as alleged in more detail below. 410 Labs (directly and/or through intermediaries acting on its behalf) has purposefully and voluntarily placed one or more of its products (including, but not limited to, the products and services that are accused of infringement in this lawsuit) into the stream of commerce with the expectation that they will be accessed and used by customers in the State of Delaware, and in the District of Delaware.

5. Venue is therefore proper in this judicial district pursuant to 28 U.S.C. §1391 and §1400.

## IV. PATENT IN SUIT

6. On January 13, 2015, United States Patent No. 8,935,342 (the "'342 Patent"), entitled "Method for Detecting and Unsubscribing An Address From A Series of Subscriptions," was duly and legally issued to inventor Henal Patel by the United States Patent and Trademark Office, after a full and fair examination. A true and correct copy of the '342 Patent is attached as Exhibit A.

7. J&H is the owner of the entire right, title, and interest in and to the '342 Patent by assignment, and has the exclusive right to sue for infringement and recover damages for all past, present and future infringement, including against 410 Labs.

8. By way of example only, Claim 1 of the '342 Patent recites one of the inventions disclosed in the '342 Patent:

> 1. A method of processing subscriptions comprising:
> identifying one or more email accounts;
> accessing the mailboxes associated with the email accounts;
> processing, at least a subset of the email messages in the mailboxes to identify those originating with a subscription list;
> processing, at least one email message associated with a subscription list to identify methods of unsubscribing from the subscription;
> wherein identifying methods of unsubscribing from the subscriptions further comprises:
> identifying list-unsubscribe headers in a message header; or
> identifying unsubscribe methods within the message body;
> presenting to the user the subscriptions previously identified: and
> unsubscribing from, at least a single subscription in response to a user requests;
> wherein identifying unsubscribe methods within the message body further comprises:
> collecting unsubscribe hyperlinks from the message body; and
> identifying those hyperlinks as potential unsubscription methods.

('342 Patent, claim 1.)

9. Unlistr has complied with the statutory requirements of 35 U.S.C §287 by placing a notice of the '342 Patent on its website and within the "Help" section of its software application. Notice of the '342 has also been placed on certain software distribution channels, including the Apple App Store and Google Play.

10. The claims of the '342 Patent are valid and enforceable.

### V. FACTUAL BACKGROUND

**A. J&H WEB TECHNOLOGIES DEVELOPS USEFUL WEB-BASED PROGRAMS**

11. J&H was created in October 2006 by two Houston natives and former computer science classmates, Henal Patel and James Glenn. Messrs. Patel and Glenn, after earning degrees from the Massachusetts Institute of Technology and the University of Houston, started their company with the goal of creating web-based computer technologies that are useful to consumers.

3

12. J&H's first venture was www.cityslick.net, a website that provides small local businesses the opportunity to reach more customers over the internet. The website has reached over 2.4 million visitors since its inception in 2007, and has assisted over 100,000 small business owners grow with low cost online advertising. Messrs. Patel and Glenn personally engineered and programmed many aspects of the website. The website—www.cityslick.net—remains online today.



(The present interface of the cityslick.net website.)

**B. INVENTOR PATEL INVENTS THE PATENTED METHODS AND SYSTEMS AND J&H DEVELOPS UNLISTR**

13. In early 2010, J&H co-founder Henal Patel was inundated with unwanted subscription email (emails automatically received from distribution lists) due to companies picking up his email address from J&H's websites, as well as other sources logging his email address upon use. The process of manually unsubscribing from unwanted subscription email proved to be burdensome and time intensive.

14. Mr. Patel was unable to locate a technology solution to scan and unsubscribe an email address from unwanted subscription email in bulk or automatically. Predicting that many email users likely encountered the same problem in their email inboxes, Mr. Patel set out to create a solution.

4

15. By September 2010, Mr. Patel had invested significant time, labor, skill, and money in creating, writing and developing a technology to mass unsubscribe an email user from unwanted subscriptions email automatically.

16. During research and development, Messrs. Patel and Glenn applied their technical expertise to create a "Regular Expressions Dictionary," which identifies over one hundred attribute properties for email subscription lists.[1] The algorithms maintained in the Regular Expressions Dictionary are email-centric and required a significant amount of testing and development. To unsubscribe one or more senders, attribute properties must be determined for each subscription list in a given email queue, and the application is then instructed to take further steps on behalf of the user, such as sending an opt-out request to a designated email address automatically or automating access to unsubscribe links within the body of an email.

17. On August 29, 2011, after a year of software development, J&H publicly released Unlistr 1.0 to software distribution websites download.cnet.com and brothersoft.com. Unlistr is a software program capable of, among other things, intelligently scanning email inboxes, detecting email subscriptions using J&H's Regular Expressions Dictionary, and automatically unsubscribing from email subscriptions based on user election.

---

[1] "RegexDictionarySettings," available at <http://unlistr.com/download/RegexSettings.xml> (last accessed January 21, 2016).





(The 2011 version of Unlistr.)

18.     At the same time as the release of Unlistr 1.0, J&H launched the website for its new product, www.unlistr.com.  Mr. Patel personally engineered and programmed the website, in addition to loading the Regular Expressions Dictionary on the website for connection to Unlistr 1.0.

6



(The Unlistr website in September of 2011.)

19. Upon information and belief, within three months of the launch of Unlistr, hundreds of users downloaded the Unlistr program.

20. As a result of its popularity amongst users, J&H developed a mobile version of the application in May of 2012. J&H further improved Unlistr in May of 2014, and most recently released a version of the application for Microsoft Outlook.





(Unlistr for Mobile Devices (2012-2015).)



(Unlistr for Outlook (2014-2015).)

21. To date, J&H has devoted considerable capital resources developing, improving and marketing Unlistr's programs, website, and Regular Expressions Dictionary. In addition, to date, J&H has expended significant time and effort to develop, test and launch Unlistr in multiple programming languages.

22. Unlistr has been downloaded approximately 105,000 times since its launch on August 29, 2011, with several thousand paying customers.

23. The Unlistr product practices claims 1-9, 14 and 16 of the '342 patent.

## VI. COUNT I

### Infringement of U.S. Patent No. 8,935,342

24. J&H refers to and incorporates herein the allegations of paragraphs 1 through 23.

8

25. 410 Labs has and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1, 14 and 16 of the '342 Patent in violation of 35 U.S.C. § 271(a) by making, using, selling, and/or offering to sell in the United States certain methods and/or systems disclosed and claimed in the '342 Patent, specifically including its Unsubscribe tool (the "Accused Product(s)").

26. 410 Labs has and continues to indirectly infringe, either literally or under the doctrine of equivalents, at least claim 1, 14, and 16 of the '342 Patent in violation of 35 U.S.C. § 271(b). Since at least the filing of this lawsuit, Defendant had actual or constructive knowledge of the '342 Patent and induced its end-users to infringe the '342 Patent. Defendant's product literature (e.g., marketing materials, website, etc.) advertise and encourage Defendant's end-users to practice an infringing use of the Accused Product(s). Defendant's inducement also includes supplying or otherwise making available to end-users software and/or applications that perform the claimed method. Further Defendant, knowingly and with specific intent, induced Defendant's customers of the Accused Product(s) who purchase and/or operate such products in accordance with Defendant's instructions and the capabilities built into the Accused Product(s).

27. A claim chart comparing claims 1, 14 and 16 of the '342 patent to the Accused Product(s) is attached as Exhibit B. J&H reserves the right to amend and/or supplement this chart (including the assertion of additional claims) in accordance with the Federal Rules of Civil Procedure, Local Patent Rules, and any other applicable rules as this action progresses. On information and belief, 410 Labs literally infringes at least claims 1-9, 14 and 16 of the '342 patent.

28. J&H and Unlistr have suffered and continues to suffer damages as a result of 410 Labs infringement of Unlistr's '342 Patent. Pursuant to 35 U.S.C. § 284, J&H is entitled to recover damages from 410 Labs for its infringing acts in an amount subject to proof at trial, but no less than a reasonable royalty.

29. 410 Labs infringement of Unlistr's '342 Patent has damaged and will continue to damage J&H, causing irreparable harm for which there is no adequate remedy at law, unless 410 Labs is enjoined by this Court.

## VII.   PRAYER FOR RELIEF

WHEREFORE, J&H respectfully requests that this Court enter judgment in its favor and against Defendant 410 Labs, granting the following relief:

1. Judgment in J&H's favor that 410 Labs infringed and continues to infringe one or more claims of the '342 Patent.

2. An award to J&H of damages adequate to compensate it for 410 Labs acts of patent infringement, including lost profits, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

3. A grant of permanent injunction pursuant to 35 U.S.C. § 283 against 410 Labs, enjoining Defendant from further acts of patent infringement.

4. Award J&H pre-judgment and post-judgment interest on its damages.

5. Any further relief that this Court deems just and proper.

Dated: March 1, 2019                                            Respectfully submitted,

Of Counsel:                                                     */s/ George Pazuniak*
                                                                George Pazuniak (DE Bar 478)
Todd Y. Brandt                                                  O'KELLY ERNST & JOYCE
State Bar No. 24027051                                          901 N. Market St., Suite 1000
BRANDT LAW FIRM                                                 Wilmington, DE 19801
222 N. Fredonia Street                                          Tel: 302-478-4230
Longview, Texas 75606                                           Email: GP@del-iplaw.com
Telephone:  (903) 212-3130
Facsimile:  (903) 753-6761
tbrandt@thebrandtlawfirm.com                                    *Attorneys for Plaintiff J&H WEB TECHNOLOGIES, LLC*

11