# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF DELAWARE

| | |
|---|---|
| BARCO NV and BARCO, INC.<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SAHARA PRESENTATION SYSTEMS, INC. AND SAHARA PRESENTATION SYSTEMS PLC,<br><br>　　　　Defendants. | No. _____<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Barco NV and Barco, Inc., collectively doing business as Barco ("Plaintiffs" or "Barco") by and through their undersigned counsel, file this Original Complaint for Patent Infringement against Defendants Sahara Presentation Systems, Inc. and Sahara Presentation Systems PLC and allege on knowledge as to their actions, and upon knowledge and information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.,* from Defendants' infringement of U.S. Patent No. 8,756,348; U.S. Patent No. 9,083,769, and U.S. Patent No. D699,241 (collectively, the "Patents-in-Suit")

2. Barco seeks injunctive relief as well as damages.

## THE PARTIES

3. Plaintiff Barco NV is a foreign company incorporated under the laws of Belgium with its principal operating business located at Beneluxpark 21, BE-8500 Kortrijk, Belgium.

4. Plaintiff Barco, Inc. is a company incorporated under the laws of Delaware, and has a principal place of business at 421 McCarthy Blvd, Milpitas, CA 95035.

5. Defendant Sahara Presentation Systems, Inc. is a company incorporated under the laws of Delaware, and has a principal place of business at 4405 Woodstock Drive, Georgetown, TX 78633. Sahara Presentation Systems, Inc. can be served through its registered agent for service of process in Delaware, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801.

6. On information and belief, Defendant Sahara Presentation Systems PLC ("Sahara PLC") is a public limited company organized under the laws of the United Kingdom, with its registered office for business at Europa House Littlebrook Dc1, Shield Road, Dartford, Kent, England, DA1 5UR. Sahara PLC can be served with process pursuant to the Delaware Long Arm Statute, 10 Del. C. § 3104.

7. Defendants collectively manufacture, import, offer for sale, and sell wireless presentation tools to resellers, distributors, and consumers throughout the United States, including in this District.

## JURISDICTION AND VENUE

8. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

9. This Court has personal jurisdiction over Sahara Presentation Systems, Inc. insofar as it is incorporated in this District.

10. As to Sahara Presentation Systems, Inc., venue is proper in this Judicial District under 28 U.S.C. § 1400(b) because Sahara Presentation Systems, Inc. is incorporated in this District.

11. This Court has personal jurisdiction over Sahara PLC because, directly or through intermediaries, it has committed acts in this District that give rise to this action, or otherwise has established minimum contacts with this District such that the exercise of personal jurisdiction over Sahara would not offend traditional notions of fair play and justice.

12. For example, Sahara PLC has placed and is continuing to place the accused infringing products into the stream of commerce via established distribution channels, with the knowledge and understanding that such products are being and will continue to be sold in the United States, including in this District. *See* Exhibit "8."

13. Venue is proper in this District as to Sahara PLC pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400 because: (i) Sahara PLC does business in this District, directly or through intermediaries, including Sahara Presentation Systems, Inc.; (ii) at least a portion of the acts of infringement described herein occurred in this District; (iii) Sahara regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this District.

## BARCO AND ITS INNOVATIONS

14. Barco is a leading global technology company known for its high-quality presentation tools, screens, monitors, video walls, projectors, LED screens and streaming devices.

15. Barco develops networked visualization solutions for the entertainment, enterprise and healthcare markets. Barco's solutions help people to enjoy compelling entertainment experiences; its products foster knowledge sharing and smart decision-making in organizations.

16. Barco has expended tremendous resources developing wireless presentation technology. Barco's ClickShare product is a revolutionary wireless presentation and

collaboration tool that enables meeting participants to easily display and share the information on their laptop on a main presentation screen in a meeting room or conference center, without cables, set-up, or delay.

17. As a result of its innovative wireless technology, seamless operation, and smart design, Barco's ClickShare product has become the top choice for organizations seeking to share ideas and build knowledge bases.

18. The ClickShare tool has won numerous industry awards, received consistently favorable press, and enjoyed considerable commercial success.

19. A strong portfolio of patents, which includes each of the Patents-in-Suit, protect Barco's investment in its innovative wireless presentation tools.

## THE PATENTS-IN-SUIT

20. On June 17, 2014, the U.S. Patent and Trademark Office issued U.S. Patent No. 8,756,348 ("the '348 Patent"), titled "Electronic Tool and Methods for Meetings," and with a claimed priority date of September 14, 2011. A true and correct copy of the '348 Patent is attached at Exhibit "1."

21. The '348 Patent is presumed valid under 35 U.S.C. § 282(a).

22. Barco NV is the owner and assignee of all substantial rights, title, and interest in the '348 Patent.

23. On July 14, 2015, the U.S. Patent and Trademark Office issued U.S. Patent No. 9,083,769 ("the '769 Patent"), titled "Electronic Tool and Methods for Meetings," and with a claimed priority date of September 14, 2011. A true and correct copy of the '769 Patent is attached at Exhibit "2."

24. The '769 Patent is presumed valid under 35 U.S.C. § 282(a).

25. Barco NV is the owner and assignee of all substantial rights, title, and interest in the '769 Patent.

26. On February 9, 2018, an anonymous third party requested reexamination of the '348 Patent and the '769 Patent by the U.S. Patent Office.

27. On March 15, 2019, the U.S. Patent Office issued a Reexamination Certificate with respect to the '769 Patent, confirming that Claim 1 and 7 were as patentable as amended over the prior art. *See* Exhibit "3." Claims 2-6, 8-10, and 13-22, dependent on an amended claim, were also determined to be patentable. *Id.* Additionally, new claims 23-25 were added and determined to be patentable. *Id.*

28. On May 24, 2019, the U.S. Patent Office issued a Reexamination Certificate with respect to the '348 Patent, confirming that Claims 1, 2, 4, 5, and 10-20 were as patentable as amended over the prior art. *See* Exhibit "4." Additionally, new claims 21-26 were added and determined to be patentable. *Id.*

29. The '769 Patent and the '348 Patent share a common specification. The '769 Patent and the '348 Patent claim and disclose an electronic meeting tool and method for communicating arbitrary media content from users at a meeting. The invention comprises a node configuration means that receives user selected arbitrary media content adapted to control and operate the display of the user selected arbitrary media content via a display node coupled to a display.

30. The '769 Patent and the '348 Patent describe the explosion of electronic communication tools designed to assist groups of persons to communicate with each other to collaborate, problem-solve, negotiate, teach, and learn at the time of the invention. (*See, e.g.,* '769 Patent at 1:25-39).

31. However, those electronic communications tools were often poorly designed or cumbersome, not least because of the complexity of the networking infrastructure, and firewalls and other security measures that restricted the use of peripheral devices communicating across a network. (*See, e.g.,* '769 Patent at 4:38-59). Thus, even though inexperienced users necessarily needed to utilize the technology, the tools themselves demanded a high level of technical expertise. *Id.* In turn, that led to lower productivity, lack of participation, and delay. *Id.*

32. The '769 Patent and the '348 Patent disclose an invention that overcomes these problems. One aspect of the invention describes an electronic meeting tool for communicating arbitrary media content from users at a meeting comprising: a node configuration means adapted to operate a display node of a communications network, the display node being coupled to a first display, the node configuration means being adapted to receive user selected arbitrary media content and to control display of the user selected arbitrary media content on the first display; and at least one peripheral device adapted to communicate the user selected arbitrary media content via the communications network, wherein the peripheral device is a connection unit comprising: (a) a connector adapted to couple to a port of a processing device having a second display, a memory and an operating system: and (b) a transmitter for communicating with the communications network, a program adapted to be loaded onto the processing device and to run on the operating system of the processing device, said program being adapted to obtain user selected arbitrary media content, said program leaving a zero footprint on termination, and an input device to allow the user to carry out a user action that triggers transfer of said user selected arbitrary media content to said transmitter through said port. (*See* '769 Patent at 5:3-27).

33. The following shows one version of the Barco ClickShare tool, which is an embodiment of a peripheral device in accordance with the invention of the '769 Patent and the '348 Patent:



*See, e.g.,* '769 Patent, Fig. 10; *see also id.* 14:1-2 and 17:6-7.

34. On February 11, 2014, the U.S. Patent and Trademark Office issued design patent U.S. Patent No. D699,241 titled "Peripheral Device for Computers" ("the D'241 Patent"). A true and correct copy of the D'241 Patent is attached at Exhibit "5."

35. The D'241 Patent is presumed valid under 35 U.S.C. § 282(a).

36. Barco NV is the owner and assignee of all substantial rights, title, and interest in the D'241 Patent.

37. The D'241 Patent claims an ornamental design for peripheral device for computers, and includes exemplary Figure 6 as shown below:



FIG. 6

*See, e.g.,* D'241 Patent, Fig. 6.

## DEFENDANTS' INFRINGING ACTIVITY

38. Defendants have entered the wireless presentation tool market, including the market for wireless presentation tools in the United States.

39. However, rather than develop their own technology, Defendants have copied Barco's patented technology, and have incorporated Barco's patented technology into Defendants' wireless presentation tools. Defendants thus unfairly compete with Barco in the marketplace by offering for sale and selling these infringing products throughout the United States.

40. Defendants have also participated in many of the same industry events and trade shows as Barco, demonstrating and marketing their infringing products alongside Barco's ClickShare and other wireless presentation products.

41. As a result of these infringing activities, Defendants have caused direct injury to Barco throughout the United States.

## THE ACCUSED PRODUCT

42. Defendants make, use (including by testing), sell, offer for sale within the United States, and import into the United States, a variety of wireless presentation tools.

43. One wireless presentation tool that Defendants make, use (including by testing), sell, offer for sale within the United States, and import into the United States, is the Clevershare (the "Accused Product").

44. The Accused Product is described as follows: "With the Clevershare wireless device you can control the Clevertouch from anywhere in the room, without the need for any wires. Simply plug the Clevershare into your laptop's USB port and you can show and edit your laptop's content on the Clevertouch screen. You can instantly display your desktop and control from your computer or Clevertouch – your pen or finger becomes your mouse." (*See, e.g.,* http://www.rapid.co.uk/pdf/clevertouch/pro/Clevertouch-Collaboration-and-Control.pdf).

45. An image of the Clevershare is below:



*See id.*(rotated from original).

46. In February 2019, Barco communicated to Sahara PLC its belief that Sahara PLC's wireless presentation products infringed Barco's intellectual property in Europe. Sahara PLC has had exposure to Barco's wireless presentation technology during 2017, 2018 and 2019

through both parties' continued market presence and participation in industry events and trade shows worldwide.

47. By way of letters sent on or about April 10, 2019 and May 6, 2019, Barco also communicated directly with Defendants about Barco's concerns surrounding the potential infringing activity, including the introduction of the Accused Product into the United States. Despite Barco's efforts, Defendants have refused to cease infringing activity, including infringement of the Patents-in-Suit.

48. Defendants are well aware of Barco and Barco's intellectual property rights embodied in the ClickShare technology. Barco NV has already been forced to seek relief from a Dutch court in The Hague, Netherlands, in connection with Sahara PLC's infringing acts in offering for sale and selling the Accused Product without license or authorization in Europe. In February 2019, a Dutch court authorized the seizure of Sahara PLC's infringing products at the Integrated Systems Expo in Amsterdam. (*See, e.g.,* https://www.barco.com/en/News/Press-releases/Dutch-court-authorizes-Barco-again-to-seize-ClickShare-copy-at-ISE.aspx).

49. Faced with Defendants' refusal to cease their infringing activities in the United States, Barco has been forced to file this suit to seek this Court's protection of its valuable intellectual property rights.

## COUNT I: DEFENDANTS' INFRINGEMENT OF THE '348 PATENT

50. Barco incorporates by reference each of its allegations in the foregoing paragraphs as though set forth fully herein.

51. As shown in Exhibit "6", by making, using (at least by testing), selling, offering for sale, or importing the Accused Product in this Judicial District and throughout the United States without license or authorization, Defendants are now and have been directly infringing at

least claim 1 of the '348 Patent, either literally or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*

52. Exhibit 6 is intended solely to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a)(2), and does not represent Barco's preliminary or final infringement contentions or preliminary or final claim construction positions. Barco reserves the right to modify its infringement theories reflected in Exhibit 6 as discovery progresses in this case, including through contentions disclosures and claim construction in accordance with the Patent Local Rules in this District.

53. As a direct and proximate result of Defendants' direct infringement of the '348 Patent, Barco has been and continues to be damaged. Defendants' infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

54. Since at least the filing date of this complaint, Defendants have known that the Accused Products directly infringe one or more claims of the '348 Patent.

55. Defendants have additionally indirectly infringed and continue to indirectly infringe at least claim 1 of the '348 Patent by actively inducing their customers and users of the Accused Product or functionally equivalent products by, among other things, providing the Accused Products to users along with instructions on how to use the Accused Product in a manner that Defendants know would directly infringe each element of at least claim 1 of the '348 Patent.

56. Defendants have engaged and will continue to engage in such inducement having actual knowledge of the '348 Patent since at least the filing date of this Complaint. Furthermore, Defendants knew or should have known that their actions would and will continue to induce direct infringement by the users of the Accused Products or functionally equivalent products, and

have intended and will continue to intend that their actions would induce direct infringement by such users.

57. As a direct and proximate result of Defendants' indirect infringement by inducement of the '348 Patent, Barco has been and continues to be damaged. Defendants' infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

58. By engaging in the conduct described herein, Defendants have injured Barco and are thus liable for infringement of the '348 Patent, pursuant to 35 U.S.C. § 271.

59. Defendants have committed these acts of infringement without license or authorization.

60. Defendants have committed these acts of infringement with actual knowledge of the '348 Patent since at least the filing date of this Complaint, and have acted recklessly and willfully with regard to Barco's rights in the '348 Patent since that date.

61. As a result of Defendants' willful infringement of the '348 Patent, Barco has suffered monetary damages and is entitled to a monetary judgment in an amount at least adequate to compensate for Defendants' infringement.

62. Barco will continue to suffer damages in the future unless this Court enjoins Defendants' infringing activities or the patent expires, whichever is sooner. As such, Barco is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement or the patent expires, whichever is sooner.

## COUNT II: SAHARA'S INFRINGEMENT OF THE '769 PATENT

63. Barco incorporates by reference each of its allegations in the foregoing paragraphs as though set forth fully herein.

64. As shown in Exhibit "7", by making, using (at least by testing), selling, offering for sale, or importing the Accused Product in this Judicial District and throughout the United States without license or authorization, Defendants are now and have been directly infringing at least claim 1 of the '769 Patent, either literally or under the doctrine of equivalents, as proscribed by 35 U.S.C. § 271, *et seq.*

65. Exhibit 7 is intended solely to satisfy the notice requirements of Federal Rule of Civil Procedure 8(a)(2), and does not represent Barco's preliminary or final infringement contentions or preliminary or final claim construction positions. Barco reserves the right to modify its infringement theories reflected in Exhibit 7 as discovery progresses in this case, including through contentions disclosures and claim construction in accordance with the Patent Local Rules in this District.

66. As a direct and proximate result of Defendants' direct infringement of the '769 Patent, Barco has been and continues to be damaged. Defendants' infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

67. Since at least April 10, 2019, Defendants have known that the Accused Products directly infringe one or more claims of the '769 Patent.

68. Defendants have additionally indirectly infringed and continue to indirectly infringe at least claim 1 of the '769 Patent by actively inducing their customers and users of the Accused Product or functionally equivalent products by, among other things, providing the Accused Products to users along with instructions on how to use the Accused Product in a

manner that Defendants know would directly infringe each element of at least claim 1 of the '769 Patent.

69. Defendants have engaged and will continue to engage in such inducement having actual knowledge of the '769 Patent since at least April 10, 2019. Furthermore, Defendants knew or should have known that their actions would and will continue to induce direct infringement by the users of the Accused Products or functionally equivalent products, and have intended and will continue to intend that their actions would induce direct infringement by such users.

70. As a direct and proximate result of Defendants' indirect infringement by inducement of the '769 Patent, Barco has been and continues to be damaged. Defendants' infringing activities will continue unless enjoined by this Court or until the patent expires, whichever is sooner.

71. By engaging in the conduct described herein, Defendants have injured Barco and are thus liable for infringement of the '769 Patent, pursuant to 35 U.S.C. § 271.

72. Defendants have committed these acts of infringement without license or authorization.

73. Defendants have committed these acts of infringement with actual knowledge of the '769 Patent since at least April 10, 2019, and have acted recklessly and willfully with regard to Barco's rights in the '769 Patent since that date.

74. As a result of Defendants' willful infringement of the '769 Patent, Barco has suffered monetary damages and is entitled to a monetary judgment in an amount at least adequate to compensate for Defendants' infringement.

75. Barco will continue to suffer damages in the future unless this Court enjoins Defendants' infringing activities or the patent expires, whichever is sooner. As such, Barco is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement or the patent expires, whichever is sooner.

## COUNT III: SAHARA'S INFRINGEMENT OF THE D'241 PATENT

76. Barco incorporates by reference each of its allegations in the foregoing paragraphs as though set forth fully herein.

77. By selling, offering for sale, distributing, and advertising the Accused Product in this Judicial District and throughout the United States without license or authorization, Defendants are now and have been directly infringing the D'241 Patent, either literally or under the doctrine of equivalents.

78. A side-by-side comparison, shown below, demonstrates how the Accused Product (left) misappropriates Barco's patented design (right):

| Accused Product | Barco D'241 Patented Design |
|---|---|

79. The images above are demonstrative of the similarities between the Accused Product and Barco's protected design. Both feature a solid button body with an elongated USB cable. The body has rounded contours, and the USB cable is affixed by a rounded connection point to the body. The body features a single large clicker button, which takes up the predominant surface of the body. The entire apparatus in both instances is designed to fit in the palm of a user and be operated single-handedly.

80. The design of the Accused Product is substantially the same as the design embodied in the D'241 Patent such as to deceive and induce an ordinary observer to purchase the Accused Product supposing the same to be Barco's innovative ClickShare product.

81. Defendants conduct in selling, offering for sale, distributing and advertising the Infringing Products directly infringes the D'241 Patent, and Defendants have committed these acts of infringement without license or authorization.

82. Defendants are thus liable for infringement of the D'241 Patent, pursuant to 35 U.S.C. § 271.

83. As a direct and proximate result of infringement of the D'241 Patent, Barco has suffered monetary damages and is entitled to a monetary judgment in an amount at least adequate to compensate for Defendants' infringement, as well as Defendants' total profits under 35 U.S.C. § 2819.

84. Barco will continue to suffer damages in the future unless this Court enjoins Defendants' infringing activities or the patent expires, whichever is sooner. As such, Barco is entitled to compensation for any continuing and/or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement or the patent expires, whichever is sooner.

## DEMAND FOR JURY TRIAL

85. Pursuant to Fed. R. Civ. P. 38(b), Barco demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Barco prays for the following relief:

A. Defendants be adjudged to have infringed the Patents-in-Suit directly and by way of induced infringement, either literally or under the doctrine of equivalents;

B. That Defendants, and each of their respective officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, subsidiaries, and those persons in active concert or participation with any of them, be preliminarily and permanently restrained and enjoined from directly or indirectly infringing the Patents-in-Suit;

C. An award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Barco for Defendants' past infringement and any continuing or future infringement up until the date that Defendants are finally and permanently enjoined from further infringement or the patents expire, whichever is sooner, including compensatory damages;

D. An additional award of total profits pursuant to 35 U.S.C. § 289 for Defendants' past infringement and any continuing or future infringement of the D'241 Patent, up until the date that Defendants are finally and permanently enjoined from further infringement or the patents expire, whichever is sooner,

E. An assessment of pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

F. That Defendants be directed to pay enhanced damages under 35 U.S.C. § 284 and Barco's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

G. Such other and further relief as this Court may deem just and proper.

Dated: June 10, 2019         **K&L GATES LLP**

/s/ Steven L. Caponi
Steven L. Caponi (#3484)
Matthew B. Goeller (#6283)
600 N. King St., Suite 901
Wilmington, DE 19801
Phone: 302.416.7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

*Counsel for Plaintiffs Barco NV and Barco, Inc.*