## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PROXIMITY SENSORS OF TEXAS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VISHAY AMERICAS, INC.,<br><br>Defendant. | Civil Action No.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Proximity Sensors of Texas ("PST" or "Plaintiff") filed this Complaint against Vishay Americas, Inc. ("Vishay" or "Defendant") for infringement of U.S. Patent No. 7,050,043 ("the '043 patent," "the patent-in-suit," or "the asserted patent").

### THE PARTIES

1. Plaintiff is a Texas limited liability company with its principal place of business located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. Defendant is a Delaware corporation with its principal place of business located at 63 Lancaster Avenue, Malvern, Pennsylvania 19355. Defendant does business in the State of Delaware and in this judicial district. Defendant can be served with process through its registered agent at Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

### JURISDICTION AND VENUE

3. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b). Defendant is a Delaware Corporation.

6. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Art Statute, due at least to its substantial business in this State and judicial district, including: (a) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold, and services provided, to Delaware residents; and (b) Defendant is a Delaware Corporation.

## THE PATENT-IN-SUIT

7. The '043 patent lawfully issued on May 23, 2006 and stems from Application No. 10/628,438, filed on July 29, 2003. The '043 patent is entitled "Optical Apparatus." A copy of the '043 patent is attached hereto as Exhibit 1.

8. The named inventors on the patent-in-suit are Chien-Chang Huang, Chun-Huang Lin, and Jeng-Feng Lan.

9. Each asserted claim in the patent-in-suit is presumed valid and directed to patent eligible subject matter.

10. Each asserted claim in the patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,050,043

11. Plaintiff incorporates paragraphs 1 through 10 herein by reference.

12. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

13. Plaintiff is the owner of the '043 patent with all substantial rights to the '043 patent including the right to enforce, sue, and recover damages for past infringement.

14. The '043 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

15. Defendant has infringed one or more claims of the '043 patent in this judicial district and elsewhere in Delaware and the United States.

16. In particular, Defendant has, and continues to, directly infringe at least claims 1, 2, 3, and 5 of the '043 patent by, among other things, making, using, selling, offering to sell, selling within, and/or importing into the United States proximity sensors, including but not limited to its VCNL4200 sensor ("the Vishay Accused Products").

17. Attached hereto as Exhibit 2, and incorporated herein by reference, is a claim chart detailing how the Vishay Accused Products infringe the '043 patent.

18. Defendant is liable for these infringements of the '043 patent pursuant to 35 U.S.C. § 271.

19. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**INDIRECT INFRINGEMENT (35 U.S.C. § 271(c) - INDUCEMENT)**

20. Plaintiff also contends that, on information and belief, Defendant has, and continues to, indirectly infringe the '043 patent by inducing manufacturers of devices that incorporate the Vishay Accused Products (*e.g.,* smartphones, tablets, etc.) to infringe at least claim 1, 2, 3, and 5 of the '043 patent via at least their use of the Vishay Accused Products.

21. Defendant has had knowledge of the '043 patent since at least service of the original complaint in this matter.

22. Despite having knowledge of the '043 patent, Defendant has, on information and belief, specifically intended and continues to specifically intend for manufacturers of devices that include the Vishay Accused Products to use, sell, offer to sell, and/or import such products in a manner that causes direct infringement of the '043 patent, including at least claims 1, 2, 3, and 5.

23. More specifically, despite having knowledge of the '043 patent, Defendant has, on information and belief, provided, and continues to provide, instructional materials, datasheets, and other technical information about the Vishay Accused Products to manufacturers of devices that include the Vishay Accused Products that specifically cause, teach, and encourage manufacturers to use, offer to sell, sell and/or import Vishay Accused Products via devices (*e.g.,* smartphones, tablets, etc.) that include the Vishay Accused Products.

24. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '043 patent has been infringed directly or indirectly, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to, and costs incurred by, Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

c. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post-judgment royalty because of Defendant's infringing activities and other conduct complained herein;

d. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

| | |
|---|---|
| DATED: September 3, 2019 | DEVLIN LAW FIRM LLC |
| | |
| | /s/ *Timothy Devlin* |
| | Timothy Devlin (No. 4241) |
| | 1526 Gilpin Avenue |
| | Wilmington, DE 19806 |
| | P. 302-449-9010 |
| | tdevlin@devlinlawfirm.com |
| | |
| | ***COUNSEL FOR PLAINTIFF*** |
| | ***PROXIMITY SENSORS OF TEXAS, LLC*** |

OF COUNSEL:

Timothy E. Grochocinski
Illinois Bar No. 6295055
tim@nbafirm.com
Joseph P. Oldaker
Illinois Bar No. 6295319
joseph@nbafirm.com
NELSON BUMGARDNER ALBRITTON PC
15020 S. Ravinia Ave., Suite 29
Orland Park, Illinois 60462
P. 708-675-1975