## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| R3 LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| O(1) LABS OPERATING | ) |
| CORPORATION AND O(1) LABS, LLC | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

Plaintiff R3 LLC, by their attorneys, Drinker Biddle & Reath, LLP, for their complaint against Defendants O(1) Labs Operating Corporation and O(1) Labs, LLC, allege as follows:

## NATURE OF ACTION

1.  Plaintiff R3 LLC ("Plaintiff" or "R3") is a leading enterprise blockchain software firm that first introduced, used, developed and marketed a blockchain software and platform in 2016 under its federally registered and distinctive CORDA trademark ("CORDA Mark"). R3 has made use of the CORDA Mark since that time in marketing, distributing and, where applicable, selling its open source and enterprise blockchain software decentralized platform ("CORDA Platform and Software"), which is now being used across multiple industries in the United States and globally.

2.  Despite R3's use and rights in its CORDA Mark, Defendants recently launched a decentralized blockchain protocol under the confusingly similar CODA trademark ("CODA Mark"). R3 advised Defendants of their infringing use of the CODA Mark shortly after learning

of Defendants' planned use of its CODA Mark. Defendants, however, proceeded with the launch of its blockchain protocol under the CODA Mark ("CODA Protocol") in a willful manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, and/or affiliation of the CODA Protocol. Defendants' use, promotion, marketing, and distribution of their CODA Protocol is therefore unlawful and is causing irreparable harm to R3.

3. Accordingly, R3 brings this civil action for: (i) trademark infringement arising under Section 32(1) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, including willful infringement; (ii) use of false designations of origin in commerce and false advertisement, arising under Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a); (iii) unfair competition, arising under Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a); (iv) trademark infringement under the Delaware Trademark Act, 6 *Del. C.* § 3312; (v) the likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name valid at common law under the Delaware Trademark Act, 6 *Del. C.* § 3313; (vi) statutory unfair competition under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531 *et seq.*; (vii) common law unfair competition under the common law of the State of Delaware; and (viii) unjust enrichment under the common law of the State of Delaware.

## PARTIES

4. R3 was formed in February 2016 and is a Delaware limited liability company. R3 has an office and principal place of business at 11 West 42nd Street, 8th Floor, New York, New York. R3 is a highly successful enterprise blockchain software technology company that has created and leads the largest blockchain ecosystem in the world comprised of hundreds of tech firms building applications on its CORDA Platform and Software.

5. Upon information and belief, Defendant O(1) Labs Operating Corporation ("O(1) Corporation") is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 111 New Montgomery St., Suite 400, San Francisco, California. Upon information and belief, O(1) Corporation is promoting, using, distributing and marketing, and intends to continue promoting, using, distributing and marketing, the CODA Protocol.

6. Upon information and belief, Defendant O(1) Labs, LLC ("O(1) LLC") is a Delaware limited liability company organized and existing under the laws of the State of Delaware with a principal place of business at office at 111 New Montgomery St., Suite 400, San Francisco, California. Upon information and belief, O(1) LLC is promoting, using, distributing and marketing, and intends to continue promoting, using, distributing and marketing, the CODA Protocol.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over the claims arising under the laws of the State of Delaware pursuant to 28 U.S.C. § 1367.

8. The Court has personal jurisdiction over each Defendant because, upon information and belief, each Defendant has sought protection and benefit from the laws of the State of Delaware; each Defendant has minimum contacts within the State of Delaware and in the District of Delaware; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; each Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's

causes of action arise directly from each Defendants' business contacts and other activities in the State of Delaware and in the District of Delaware.

9. More specifically and upon information and belief, each Defendant promotes, distributes and/or advertises (including the provision of an interactive web page which induces programmers to use and investors to invest in) its products and services, including the CODA Protocol and blockchain platform in the State of Delaware, and the District of Delaware. Upon information and belief, each Defendant has committed infringement in the State of Delaware and in the District of Delaware.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS

### R3 and its CORDA® Mark

11. R3 is a leading enterprise blockchain software firm. At least as early as April 2016, R3 formally introduced its blockchain platform under the CORDA brand. The blockchain market and software platforms in that market are a relatively new phenomenon with a small but growing number of software firms and products on the market. As such, products become known to the customers by their brands. Additionally, the concept of an ecosystem involves programmers around the country and, indeed, the world, programming on a common platform to develop new products to offer to customers. A platform brand is important to prevent confusion in the market. R3 understood this when chose the mark CORDA as a brand to distinguish its platform. In the ensuing years, R3 has spent time and effort growing the CORDA brand in the blockchain market. The CORDA Mark quickly came to signify the quality and reputation of R3 in the blockchain space.

12.     R3 is the owner of Untied States Trademark Registration 5282121 issued by the United States Patent and Trademark Office ("USPTO") on September 5, 2017, for the CORDA Mark covering "Computer programs for use in distributed ledger platform technology; Computer programs for facilitating electronic distributed ledger platform transactions via telecommunications systems, data communication systems or global networks; Distributed ledger platform software of use in processing financial transactions, electronic funds transfer and currency conversion; Distributed ledger platform technology for use in e-commerce or on-line marketplaces to allow users to perform electronic transactions via a global computer or mobile device network; Computer programs for use in identity management." A copy of the Certificate of Registration for this mark is attached at Exhibit 1.

13.     Additionally, R3 has applied for United States federal trademark registration for its CORDA logo, filed on August 29, 2019 as Application No. 88/597658 pending for "Computer programs for use in distributed ledger platform technology, computer programs for facilitating electronic distributed ledger platform transactions via telecommunications systems, data communication systems or global networks, distributed ledger platform software for use in processing financial transactions and commercial transactions, electronic funds transfer and currency conversion, distributed ledger computer software platform for use in e-commerce or on-line marketplaces to allow users to perform electronic transactions via a global computer or mobile device network, computer programs for use in identity management", in International Class 9; "Peer-to-peer network computer services, namely, providing multi-user access to a computer network of applications built on a Blockchain software platform", in International Class 38; and "Software as a service, featuring software for providing an electronic platform that facilitates development and usage of Blockchain software applications; Software as a service, featuring an

online platform for providing software that facilitates development of Blockchain software applications; Computer services, namely, providing an on-line community for users to develop and share applications built on a Blockchain software platform; providing a web hosting platform for users to develop and share Blockchain applications; Application service provider featuring application programming interface (API) software in the fields of Blockchain and distributed ledger platform technology; Application service provider featuring Application Programming Interface (API) software to facilitate development and sharing of Blockchain applications; Providing computer software systems for leveraging distributed ledger technology (Blockchain technology) as a business solution", in International Class 42. The CORDA logo is depicted below.

**c·rda**

14. R3 also has applied for United States federal registration of the trademark POWERED BY CORDA, filed on November 28, 2017 as Application No. 87/699391, for "Computer programs for use in distributed ledger platform technology; computer programs for facilitating electronic distributed ledger platform transactions via telecommunications systems, data communication systems or global networks; distributed ledger platform software for use in processing financial transactions, electronic funds transfer and currency conversion; distributed ledger platform technology, namely, computer software for use in e-commerce or on-line marketplaces to allow users to perform electronic transactions via a global computer or mobile device network; computer programs for use in identity management" in International Class 9.

15. R3 owns numerous related foreign registrations of the CORDA Mark, including in Australia (Registration No. 1302565, issued November 17, 2016), the European Union (Registration No. 1302565, issued December 20, 2016), Japan (Registration No. 1302565, issued May 12, 2017), Singapore (Registration No. 1302565, issued September 7, 2017) and Brazil (Registration No. 914258540, issued April 24, 2019); as well as POWERED BY CORDA and the CORDA logo. These registrations and applications are part of a CORDA brand owned by R3.

16. Since at least 2016, R3 has extensively and continuously used the CORDA Mark in connection with its CORDA Platform and Software. Subsequent to that, R3 began using the POWERED BY CORDA mark and the CORDA logo.

17. R3 has also spent a substantial amount of time and money growing and promoting the CORDA brand in the blockchain field and, in particular, as a software platform.

18. As a result of R3's extensive use and promotion of the CORDA Mark, the CORDA Mark and CORDA Platform and Software are extremely well known in the blockchain and software industries and R3 has built up and now owns extremely valuable goodwill that is symbolized by the CORDA Mark. The purchasing public has come to associate CORDA with R3.

### Defendant's Activities Resulting in, *Inter Alia*, Trademark Infringement and Unfair Competition

19. Upon information and belief, Defendants promote themselves as a blockchain software development firm. According to Defendants, their first project was development of their "Coda Protocol," which purportedly "addresses one of the fundamental challenges in cryptocurrency by creating the first succinct blockchain that enables decentralization at scale." See https://www.linkedin.com/company/o1labs/about/. Upon information and belief, Defendants are currently marketing and distributing its CODA Protocol, including encouraging programmers to "interact with the testnet and contribute to Coda's development." for at least beta testing

7

purposes. See Exhibit 2 excerpts from https://codaprotocol.com/testnet.html and https://codaprotocol.com/blog/coda2019.html. Upon information and belief, Defendants encourage programmers to create a "Coda Network" as part of using Defendants' CODA software and CODA Protocol. See https://codaprotocol.com/docs/faq/#what-can-i-do-on-the-coda-network.

20. Upon information and belief, the CODA Protocol is highly related to the CORDA Platform and Software.

21. Accordingly and upon information and belief, R3 and Defendants compete in the same marketplace, have at least a significant amount of the same classes of consumers/users in common in the blockchain market and have the same channels of trade in common.

22. Upon information and belief, Defendants had actual notice of R3's rights in the CORDA Mark at the time they initiated use of the CODA Mark, and Defendants at least had constructive notice of R3's rights in the CORDA Mark. This notice, at least, suggests Defendants had a bad faith intent to profit from the use of a confusingly similar mark to CORDA in order to trade off of the significant goodwill R3 has developed in its CORDA Mark over the past three years.

23. It is likely that consumers will be confused by Defendants' use of the CODA Mark particularly where the marks are nearly identical, the pronunciation of the respective marks is close to identical, and customers calling for the goods under the CODA mark are likely to confuse CODA and CORDA.

24. Defendants' use of the CODA Mark is confusingly similar to R3's CORDA Mark. Defendants' use of the CODA Mark is similar to and conveys the same commercial impression as that of the CORDA Mark, especially because the CODA Mark is used by Defendants in advertising

and promoting their blockchain protocol, which is highly related to R3's CORDA Platform and Software.

25. The likelihood of confusion between CODA and CORDA will continue until Defendants cease all use of the CODA Mark and ceases all use, marketing and distribution of the CODA Protocol and encouraging creation of a CODA Network. Defendants' use and planned use of the CODA Protocol constitutes willful and intentional infringement and unfair competition, and is harmful to R3.

26. Defendants' use of the CODA Mark in connection with their blockchain protocol is likely to cause confusion as to the source and origin of the CODA Protocol and is likely to cause confusion, or to cause mistake, or to deceive the public and the trade as to the source or sponsorship of the CODA Protocol and to falsely suggest a connection with R3, and mislead the public into believing that the CODA Protocol emanates from, is approved or sponsored by, or is in some way associated or connected with R3 and the CORDA Platform and Software.

27. Defendants' use of the CODA Mark in its advertising in connection with highly related goods falsely conveys that R3 is affiliated with Defendants or otherwise misrepresents the nature, characteristics, and qualities of Defendants' goods and commercial activities. The marketing and use by Defendant of the CODA Mark, upon information and belief, actually and materially deceived or has the capacity to materially deceive a substantial segment of the audience.

28. Current and prospective customers looking for R3 and the CORDA Platform and Software and encountering the CODA Mark are likely to be confused or deceived as to the source of the goods or mistaken belief that the CODA Protocol or CODA Network is somehow built on or affiliated with or emanated from the CORDA Platform and Software, and sales and undue benefits could thus be diverted to Defendants.

29. Upon information and belief, Defendants' adoption and use of the infringing CODA Mark represents a deliberate attempt to trade unlawfully upon the goodwill associated with the CORDA Mark.

30. Defendant's activities as described herein have and will cause R3 irreparable harm and significant injury.

## COUNT I -- INFRINGEMENT OF REGISTERED TRADEMARK

31. R3 repeats and realleges each and every allegation set forth in paragraphs 1 through 30 above as if fully set forth herein.

32. Defendants, without authorization from R3 and with knowledge that CORDA and CODA are likely to be confused, have used and continue to use designations, including the CODA Mark, that are confusingly similar to the CORDA Mark.

33. The foregoing acts of Defendants are intended to cause and are likely to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether the CODA Protocol originates from, or are affiliated with, sponsored by, or endorsed by R3.

34. Defendants have acted with knowledge of R3's ownership of the CORDA Mark and to unfairly benefit from the goodwill symbolized thereby.

35. Defendants' activities as described above constitute infringement of the CORDA Mark in violation of Section 32(1) of the Lanham Act of 1946, as amended (15 U.S.C. § 1114(1)).

36. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

37. Upon information and belief, Defendants intend to continue their willful infringing acts, unless restrained by this Court.

38. Defendants' acts have damaged and will continue to damage R3, and R3 has no adequate remedy at law.

**COUNT II -- FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**

39. R3 repeats and realleges each of the allegations set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. Defendants' promotion, advertising, and/or distribution of the CODA Protocol is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the CODA Protocol, and is intended, and is likely to cause, such parties to believe in error that the CODA Protocol has been authorized, sponsored, approved, endorsed, or licensed by R3 or that Defendants are in some way affiliated with R3.

41. Defendants' activities as described above constitute the use of false designations of origin in commerce, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

42. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

43. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

44. Defendants' acts have damaged and will continue to damage R3, and R3 has no adequate remedy at law.

**COUNT III -- UNFAIR COMPETITION**

45. R3 repeats and realleges each of the allegations set forth in paragraphs 1 through 44 above as if fully set forth herein.

46. Defendants' activities as described above constitute unfair competition in violation of Section 43(a) of the Lanham Act of 1946, as amended (15 U.S.C. § 1125(a)).

47. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

48. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

49. Defendants' acts have damaged and will continue to damage R3, and R3 has no adequate remedy at law.

### COUNT IV -- TRADEMARK INFRINGEMENT UNDER THE DELAWARE TRADEMARK ACT, 6 *DEL. C.* § 3312

50. R3 repeats and realleges each of the allegations set forth in paragraphs 1 through 49 above as if fully set forth herein.

51. Defendants' activities as described above constitute use, without the consent of R3, of a colorable imitation of the CORDA Mark in connection with the advertising and distribution of the highly related CODA Protocol that is likely to cause confusion as to the source or origin of the CODA Protocol.

52. Defendants' activities as described above constitute infringement of the CORDA Mark in violation of Title 6, Chapter 33 of the Delaware Code (6 *Del. C.* § 3312).

53. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

54. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

55. Defendants' acts have damaged and will continue to damage R3, and R3 has no adequate remedy at law.

## COUNT V -- TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION UNDER THE DELAWARE TRADEMARK ACT, 6 *DEL. C.* § 3313

56. R3 repeats and realleges each of the allegations set forth in paragraphs 1 through 55 above as if fully set forth herein.

57. The CORDA Mark is distinctive, and has enjoyed such distinction before the time Defendants commenced use of the CODA Mark.

58. Defendants' activities as described above constitute injury to Plaintiff's business reputation and dilution of the distinctive quality of the CORDA Mark, in violation of the Delaware Trademark Act, 6 *Del. C.* § 3313.

59. Upon information and belief, Defendants have made and will continue to make substantial profits, gains and undue benefits to which they are not in law or equity entitled.

60. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

## COUNT VI -- UNFAIR COMPETITION UNDER THE DELAWARE UNIFORM DECEPTIVE TRADE PRACTICES ACT, 6 *DEL. C.* § 2531 *ET SEQ.*

61. R3 repeats and realleges each of the allegations set forth in paragraphs 1 through 60 above as if fully set forth herein.

62. Defendants' activities as described above constitute unfair competition and deceptive trade practices under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531 *et seq.*

63. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

64. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

65. Defendants' acts have damaged and will continue to damage R3, and R3 has no adequate remedy at law.

## COUNT VII -- COMMON LAW UNFAIR COMPETITION

66. R3 repeats and realleges each of the allegations set forth in paragraphs 1 through 65 above as if fully set forth herein.

67. Defendants' activities as described above constitute unfair competition under the common law of the State of Delaware.

68. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

69. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

70. Defendants' acts have damaged and will continue to damage R3, and R3 has no adequate remedy at law.

## COUNT VIII -- COMMON LAW UNJUST ENRICHMENT

71. R3 repeats and realleges each of the allegations set forth in paragraphs 1 through 70 above as if fully set forth herein.

72. Benefits have been conferred upon Defendants by Defendants' unauthorized use of the CODA Mark.

73. Defendants have appreciated, accepted, and retained these benefits.

74. It is inequitable for Defendants to retain these benefits without the payment of value to R3.

75. Defendants have been unjustly enriched at the expense of R3.

76. Defendants' activities as described above constitute unjust enrichment under the common law of the State of Delaware.

**PRAYER FOR RELIEF**

WHEREFORE, R3 prays for the following relief:

1. That Defendants, their agents, servants, affiliates, representatives, successors, and assigns, and all those persons or entities in active concert or participation with any of them who receive actual notice of the injunctive order, be permanently enjoined from:

    (a) Using the CORDA Mark or any other mark, symbol, or device that is confusingly similar to the CORDA Mark, including the CODA Mark; and

    (b) Committing any other act calculated or likely to cause the public to believe that Defendants are in any manner connected, affiliated, or associated with R3 or from otherwise competing unfairly with R3.

2. Pursuant to 15 U.S.C. § 1118, that Defendants deliver to R3 for destruction all material (including, without limitation, all advertisements, promotional materials, and brochures) within their possession, custody, or control, either directly or indirectly, that bears the CODA Mark or any other designation, symbol, or device that is confusingly similar to the CORDA Mark.

3. Pursuant to 15 U.S.C. § 1116(a), that Defendants be directed to file with the Court and serve upon R3, within thirty (30) days after entry of the injunctive order, a report in writing and under oath setting forth in detail the manner and form by which they have complied with the provisions set forth in paragraphs 1 and 2 above.

4. Pursuant to 15 U.S.C. § 1117(a), 6 *Del. C.* § 3314(e), and the common law, that Defendants be directed to account to R3 for all gains, profits, and advantages derived from Defendants' wrongful acts.

5. Pursuant to 15 U.S.C. § 1117(a) and 6 *Del. C.* § 2533(c), that R3 recovers from Defendants the greater of three times the amount of Defendants' profits or any damages sustained by R3, together with interest on such amount and the costs of this action.

6. Pursuant to 15 U.S.C. § 1117(a) and 6 *Del. C.* § 2533(b), that the Court determine that the case is exceptional and that R3 recovers from Defendants its attorneys' fees and the costs of this civil action.

7. That R3 be awarded such other and further relief as the Court deems equitable, just, and proper.

## JURY TRIAL DEMAND

R3 respectfully demands a trial by jury on all claims and issues so triable.

Date: October 24, 2019

/s/ *Keith A. Walter*
Keith A. Walter (#4157)
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
keith.walter@dbr.com

Of Counsel:

*Attorney for Plaintiff*

Robert E. Cannuscio
DRINKER BIDDLE & REATH LLP
1 Logan Square, Suite 2000
Philadelphia, PA 19103
(215) 988-2700
robert.cannuscio@dbr.com