IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHUGAI PHARMACEUTICAL CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| ALEXION PHARMACEUTICALS, INC., | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Chugai Pharmaceutical Co., Ltd. ("Chugai"), by its attorneys, for its Complaint

against Alexion Pharmaceuticals, Inc. ("Alexion"), alleges as follows:

## NATURE OF THE ACTION

1.       This is Chugai's second action for patent infringement against Alexion in the

United States.  The first action, *Chugai Pharmaceutical Co. Ltd. v. Alexion Pharmaceuticals,*

*Inc.,* C.A. No. 18-cv-1802 MN (filed Nov. 15, 2018), is currently pending before this Court.

Like the first action, Chugai brings this action to protect its intellectual property rights relating to

breakthrough medical technologies that it has developed.  Chugai has invested heavily in the

development of these technologies that provide a benefit to the public by improving the

therapeutic qualities of antibody medications.  Chugai has developed, for example, a technology

that extends the half-life of an antibody in blood plasma, thereby improving the duration of time

in which the antibody binds and neutralizes target antigens.

2.       Chugai's inventions have wide application in the biotechnology field and in the

treatment of diseases requiring administration of therapeutic antibodies.  Two such diseases are

paroxysmal nocturnal hemoglobinuria (PNH) and atypical hemolytic uremic syndrome (aHUS).

These diseases can be fatal, but a patient's quality of life can be improved and symptoms can be managed by medications that inhibit the C5 complement protein. These medications are known as C5 inhibitors. Chugai's inventions allow patients taking C5 inhibitors to reduce the quantity and frequency of their treatments, leading to improved quality of life for patients.

3.      Chugai's technologies are described in and protected by pending patent applications, by the patent asserted in the 18-cv-1802 case, and by U.S. Patent No. 10,472,623 ("the '623 patent" or "the Patent-in-Suit"). A copy of the '623 patent is attached hereto as Exhibit A. The '623 patent discloses methods of removing an antigen from blood plasma using antibodies modified to take advantage of the weaker antigen-binding activity at the early endosomal pH in comparison with that at the pH of plasma. The modified antibodies are capable of recycling such that they repeat the antigen-binding process multiple times rather than a single time. Chugai and other companies within its strategic alliance are currently developing numerous medicines, including a C5 inhibitor, based on Chugai's patented antibody recycling technology.

4.      Defendant Alexion currently markets an FDA-approved therapeutic antibody product known as Soliris (eculizumab). Soliris is a C5 inhibitor prescribed for patients with rare blood conditions like PNH and aHUS. Since its launch in 2007, Soliris has been one of the most expensive drugs in the world.

5.      Alexion sells an improved, long-acting C5 inhibiting biologic product with a pH-dependent recycling effect. Alexion calls its product "ULTOMIRIS" or "ALXN1210" (ravulizumab). Alexion uses the term "ALXN1210" interchangeably to refer to both the ravulizumab antibody and the commercial product containing the ravulizumab antibody. ULTOMIRIS incorporates Chugai's patented recycling technology.

6.      Alexion has marketed ULTOMIRIS in the U.S. since near the time of the FDA approval it received on or about December 21, 2018.  Sales of Ultomiris have exceeded $90 million through September 2019.

7.      Upon information and belief, Alexion's activities in connection with ULTOMIRIS, including manufacturing, importing, using, offering to sell, or selling ULTOMIRIS, are acts of infringement of the Patent-in-Suit, either directly or indirectly.  Chugai files this action to secure a judicial decision that Alexion infringes the Patent-in-Suit and to prevent Alexion from any future infringement.

## PARTIES

8.      Chugai is a biopharmaceutical company based in Japan that has developed many groundbreaking and life-saving medications.  These medicines range from cancer drugs like Alecensa®, to the rheumatoid arthritis medication, Actemra®.  Chugai scientists also invented emicizumab, a hemophilia A treatment marketed in the United States as Hemlibra®.  The FDA has granted multiple "Breakthrough Therapy Designations" for Hemlibra.  Chugai's research and development team is committed to creating innovative first-in-class and best-in-class medications for a variety of health conditions.

9.      Chugai owns the Patent-in-Suit.

10.     Upon information and belief, Alexion is a United States-based biopharmaceutical corporation, incorporated and existing under the laws of Delaware.  Alexion maintains a global headquarters at 121 Seaport Blvd., Boston, Massachusetts, 02210.

11.     Alexion's global sales of Soliris, a C5 inhibitor, were $3.563 billion in 2018.  Since its FDA approval in 2007, Soliris's global net product sales have exceeded $16 billion.  In 2017, 88.6% of Alexion's net product sales were attributable to Soliris.  Alexion's patents

purporting to cover the eculizumab composition of matter found in Soliris will expire by at least 2021.

12.     Alexion is warning investors about competition from other pharmaceutical companies with SOLIRIS biosimilars, which is causing a decrease in revenue in jurisdictions with approved SOLIRIS biosimilars.  One of Alexion's principal business objectives is to facilitate the conversion of PNH and aHUS patients from Soliris to ULTOMIRIS.  If patients do not convert from Soliris to ULTOMIRIS, Alexion warns that its financial results may be adversely impacted.  Through September 2019, Alexion has reportedly converted more than 50% of PNH patients from SOLIRIS to ULTOMIRIS.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14.     This Court has personal jurisdiction over Alexion because Alexion is incorporated in the State of Delaware, conducts business in Delaware, and has availed itself to rights and benefits under Delaware law.

15.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(1) because Alexion resides in this District.

## THE PATENT-IN-SUIT

## U.S. Patent No. 10,472,623

16.     The '623 patent, entitled "Antigen-Binding Molecule Capable of Binding to Two or More Antigen Molecules Repeatedly," was issued by the United States Patent and Trademark Office ("PTO") today, November 12, 2019.  The patent was issued to Chugai Seiyaku Kabushiki Kaisha as assignee of the named inventors Tomoyuki Igawa, Shinya Ishii, Atsuhiko Maeda, and

Takashi Nakai.  Chugai Pharmaceutical Co., Ltd. is the English language name for Chugai Seiyaku Kabushiki Kaisha and is the same entity.

17.     The '623 patent is directed to methods of removing an antigen from plasma using engineered antibodies with long half-lives in plasma such that the antibodies have improved durations of time in which they can bind to an antigen.

18.     The technologies taught by the '623 patent include technologies that can be used to improve the function of C5 inhibiting antibodies, including those used to treat rare blood diseases like PNH and aHUS.

19.     In earlier C5 inhibitor drugs like Soliris, the antibodies contained in the medication bind to the harmful C5 antigens.  The antibody and antigen are then internalized by the cell endosome, and degraded by the cell lysosome.  This process destroys both the antigen and the antibody such that the antibody performs its function only once before being destroyed. Because the antibody is destroyed in this process, patients taking a drug like Soliris require frequent doses to ensure there are a sufficient number of anti-C5 antibodies in the bloodstream.

20.     The '623 patent teaches methods that allow antibodies to facilitate C5 antigen destruction without also destroying the antibody.  This breakthrough allows the antibodies to be "recycled" instead of being destroyed, which will dramatically improve a patient's quality of life by decreasing the quantity and frequency of drug treatments needed to manage a disease.

## DEFENDANT'S INFRINGING CONDUCT

21.     The use of Alexion's ALXN1210 product to treat patients does and will continue to implement the technologies taught by and claimed in Chugai's '623 patent.

22.     Although the BLA is not publicly available, the properties of the ALXN1210 antibody are described in other publicly available materials.  For example, Alexion has described the ALXN1210 antibody in U.S. Patent No. 9,079,949 ("the '949 patent").

23.     The '949 patent is entitled "Anti-C5 Antibodies Having Improved Pharmacokinetics."  The '949 patent was filed on March 6, 2015, and issued on July 14, 2015.  A copy of the '949 patent is attached hereto as Exhibit B.  The '949 patent describes an antibody designated as "BNJ441."  The BNJ441 antibody described in the '949 patent has the same primary amino acid sequence as the ALXN1210 antibody.

24.     Other Alexion patent applications refer to the BNJ441 antibody.  For example, in a PCT application filed by Alexion on January 11, 2017, which was published as WO2017/123636 A1 ("the '636 PCT Application"), BNJ441 is identified as another name for ALXN1210.  *See* the '636 PCT Application at 3:14 ("An exemplary anti-C5 antibody is antibody BNJ441 (also known as ALXN1210) ...)."  A copy of the '636 PCT Application is attached hereto as Exhibit C.

25.     On information and belief, administration of ULTOMIRIS does and will continue to infringe the '623 patent.  The '623 patent covers an antibody with a KD (pH5.8)/KD(pH7.4) ratio between, for example, 40 and 1000.  The tested ratio of ALXN1210 is within that range.  Ex. A, Claim 1.

26.     Use of ULTOMIRIS necessarily requires health care professionals or patients to "administer an antibody to an individual in need of having an antigen removed from the individual's plasma" as claimed in the '623 patent.  Ex. A.

27.     Alexion markets ULTOMIRIS with product packaging, information, and labeling in accordance with FDA requirements.  Such labeling instructs physicians how to administer ULTOMIRIS in a manner that infringes the '623 patent.

28.     In addition, Alexion has stated that one alleged benefit of ULTOMIRIS is that it can be administered once every eight weeks, whereas Soliris treatments must be administered once every two weeks.  This improvement in treatment frequency is consistent with ULTOMIRIS implementing the technologies taught by and claimed in the '623 patent, whereby the half-lives of antibodies in plasma are improved in order to reduce the number of treatments required.

29.     Thus, administration of ULTOMIRIS does and will continue to infringe at least one claim of the '623 patent because, upon information and belief, administration of ULTOMIRIS will necessarily use the methods claimed in the '623 patent.

**Alexion Knows ULTOMIRIS Infringes the Patent-in-Suit.**

30.     Alexion tried to stop the '623 patent from issuing.  During prosecution of the patent application that led to the '623 patent, an attorney filed a third party submission in United States Patent Application No. 15/952,945, an application that led to the '623 patent.  The attorney did not identify her client to the PTO or to the public.  Upon information and belief, the attorney was hired by Alexion.

31.     Prior to and while seeking FDA approval for ULTOMIRIS, Alexion was aware of the underlying parent patent applications that led to the '623 patent.

32.     At least as early as June 2012, Alexion employees read some of Chugai's pending patent applications relating to its antibody recycling technologies, including at least one patent application that led to the '623 patent.  Alexion's review of the Chugai technology prompted

Alexion to seek Chugai's permission to use that technology.  In 2012 and 2013, Alexion made multiple inquiries regarding obtaining a license to Chugai's antibody technology patents.  For example, in July 2012, an Alexion director inquired about obtaining a license to the technology then described in U.S. Patent Application No. 12/936,587.  That application led to the '623 patent.

## COUNT I — INFRINGEMENT OF THE '623 PATENT

33.     Chugai realleges and incorporates by reference the allegations contained in Paragraphs 1 through 32.

34.     On information and belief, Alexion has infringed the '623 patent by engaging in the commercial manufacture, use, offer to sell, sale, or importation into the United States of ALXN1210 before the expiration of the '623 patent and by actively inducing and/or contributing to the infringement of others in violation of 35 U.S.C. § 271(a), (b), (c), or (g).

35.     Chugai will be substantially and irreparably harmed if Alexion is not enjoined from infringing the '623 patent.

36.     Chugai has no adequate remedy at law.

37.     This case is exceptional, and Chugai is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

38.     Upon information and belief, Alexion has knowingly and willfully infringed the '623 patent.

## PRAYER FOR RELIEF

WHEREFORE, Chugai Pharmaceutical Co., Ltd. respectfully requests the following relief:

    a.      A judgment that the '623 patent has been infringed and will be infringed by continued sales by Alexion of ULTOMIRIS in the U.S.;

    b.      Any available injunctive relief to prevent the commercial manufacture, importation, use, offers to sell, or sale of ULTOMIRIS pursuant to 35 U.S.C. § 283, 28 U.S.C. § 2202, and FED. R. CIV. P. 65;

    c.      Any available damages pursuant to 35 U.S.C. § 284, including an award of treble damages;

    d.      A judgment that this is an exceptional case and that Chugai be awarded its attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

    e.      Costs and expenses in this action;

    f.      Such other and further relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Chugai hereby demands trial by jury on all issues so triable.

|  |  |
|---|---|
|  | */s/ Nathan R. Hoeschen* |
| OF COUNSEL: | Karen E. Keller (No. 4489) |
| David C. Doyle | Nathan R. Hoeschen (No. 6232) |
| Brian M. Kramer | SHAW KELLER LLP |
| Stephen D. Keane | I.M. Pei Building |
| MORRISON & FOERSTER LLP | 1105 North Market Street, 12th Floor |
| 12531 High Bluff Drive | Wilmington, DE 19801 |
| San Diego, CA 92130 | (302) 298-0700 |
| (858) 720-5100 | kkeller@shawkeller.com |
|  | nhoeschen@shawkeller.com |
| Dated: November 12, 2019 | *Attorneys for Plaintiff* |